No. 23.—JAMES W. JONES, plaintiff in error, *vs.* The CENTRAL RAIL ROAD & BANKING COMPANY, defendant in error.

[1.] The fifteen days specified in the Act of 1853–'4, defining the liability of rail road companies, &c within which notice is to be given, or suit brought for the injury complained of, applies exclusively to cases where the demand is under thirty dollars.

[2.] The notice to be given under this Act, must be in the name, and by the authority of the party aggrieved, and a declaration, in the usual form, with process attached by the Clerk, and served by the Sheriff, will not be deemed a sufficient compliance with the Act.

Case, in Burke Superior Court. Decision by Judge HOLT, May term, 1855.

This was an action brought against the Central R. R. & Banking Co., as lessees of the Augusta & Waynesboro' R. R., for the killing of a slave, by the negligent running of their cars. This suit was brought in Burke County, under the Act of 20th Feb. 1844, "To define the liabilities of R. R. Com-

panies," &c.   To this suit, a plea was filed to the jurisdiction of the Court, on the ground, that the residence of the corporation was in *Chatham County*.   A motion was also made to dismiss the suit, on the ground that the same had not been commenced by plaintiff within *fifteen* days next, after the injury complained of was committed, and because notice was not given, as required by the Act.

The Court sustained the motion, and also the plea to the jurisdiction; and these decisions are assigned as error.

JONES & STURGES; A. H. H. DAWSON, for plaintiff in error.

GRIFFIN & GORDON, for defendant in error.

The Court not being unanimous, delivered opinions *seriatim.*

*By the Court.*—LUMPKIN, J. delivering opinion.

There are two questions presented for our determination in this bill of exceptions:   1st. Had the Superior Court of Burke County jurisdiction of the case?   And, 2d, should the action have been brought within fifteen days, or at any rate, notice of the damage done, given within that time, to some officer, agent or employee of the Company?

We propose to reverse the order of these points, and to consider the last first.

[1.]  This proceeding was instituted under the Act of 1853–'4, (*Pamphlet Laws, p.* 93,) and it is necessary to recite a portion of it.

"By the second section, it is enacted that any person whose stock has been or may be killed, wounded or injured, or whose property has been destroyed or damaged (except as before excepted,"—that is, damages for right of way) by the running of any cars, engines, locomotives, or other machinery used by a railroad company, or the officers, agents, engineers or conductors of any such company —— to serve with a written notice, (there is something omitted here,) describing the

kind of stock killed, crippled or injured, and the particular kind of property damaged or destroyed, which notice shall contain a statement of the time and place, as near as can be ascertained, when and where the damage was done, and may be served personally, upon any employee of such company, at any place where such officer or agent, in the employ or service of such Company may be found, at least three days previous to the day of trial, or by leaving a copy of such notice at the residence of such employee, five days previous thereto, and which notice shall be served at any time within fifteen days after the happening of the injury complained of, *and not after*, which service shall be deemed and held as sufficient notice to such company, to authorize the Court to proceed to give judgement, as in cases of debt ; that a notice, in *substance* and *form*, as follows, subject to such alterations and additions as the circumstances of the case may require, shall be deemed sufficient;

GEORGIA, COUNTY :
　To the　　　　Rail Road Company :—Greeting : You are hereby notified that, *within the last fifteen days*, to wit : on the 　　　　day or night of　　　　you damaged the subscriber, by killing or destroying, (as the case may be,) (here mention the particular damage done and the kind or species of property injured or destroyed, belonging to him or her,) by the running of a car, engine or locomotive, or other machinery on your road ; and desiring that the amount of damages may be legally assessed, you are hereby required by agent or attorney, or in person, to appear at the Justice's Court ground in the 　　　　District, G. M. (inserting the number of the District in which the damage was done,) by ten o'clock, A. M. on Thursday next, then and there to show cause, if any exist, why the damage shall not be assessed, according to law.
　This　　　day of　　　　　　　18
　　　　　　　　　　　　　　　　　JOHN DOE.

That in all cases, the plaintiff *shall* state, in his notice, that the damages do not exceed *thirty* dollars.''

It is self-evident, that thus far the Statute applies exclusuively to cases under thirty dollars; and which are to be tried in the Justice's Court. To undertake to show this, by argument, would be as absurd as to attempt to demonstrate an axiom. The very Act requires, in so many plain English words, that in all that class of cases for which it has thus far provided, the notice itself should state that the damages do not exceed thirty dollars.

But it is ingeniously argued, that the notice, in the one case, twenty days, (as we shall presently see,) and in the other, five days, before Court, is only in the nature of a return day, and does not affect the imperative necessity, in both alike, of serving notice within fifteen days after the injury complained of; which means, if we comprehend the position correctly, that the fifteen days' notice is something different from the notice which is the substitute for the petition or summons in ordinary suits. It means this or it means nothing.

But the words of the Act negative this construction. The person aggrieved is to serve the company with a written notice, describing the stock which has been killed or injured, *which notice* shall contain a statement also of the time and place when and where the damage was done—(is not this the fifteen days notice ?)—and *which notice* may be served personally upon any employee of the company, wherever he may be found, at least three days before the day of trial, or by leaving it at the employee's residence, five days previous thereto. And *which notice* (what notice ? Manifestly the summons—the foundation of the action—in fact, the action itself,) shall be served within fifteen days after the happening of the injury and not after. The notice or summons, setting forth the complaint, may be served personally three days before the trial, or five days previous thereto, by leaving it at the defendant's notorious place of residence. But it *must be done* within fifteen days after the happening of the injury.

The Act contemplates but one notice. And hence, the in-

Jones *vs.* Oent. R. R. Bk'g Co.

terpretation sought to be given to it by Counsel for the plaintiff in error, is inadmissable.

There are good reasons for requiring suits under thirty dollars, to be brought at an early day after the injury or cause of action accrues; but the duty does not devolve upon this Court to justify the legislation of the State. We submit to it respectfully, as every good citizen should do to the laws of his country.

By the VIth section of the Act, it is further provided, "That nothing therein contained shall prevent a rail road company, or the agent, or the employee of such company, who may be served with a notice of damage done, from tendering to the owner of such property damaged or destroyed, a reasonable amount as a compensation for the damage so done, which, if accepted by the party aggrieved, shall stop all further proceedings; but the injured party may or may not accept the sum tendered; and if he refuse and proceed to investigate the matter under the provisions of this Act, and shall fail to recover a larger amount than the sum so tendered, he shall pay all costs; and the rail road company shall be discharged from further liability, by paying the damages asssessed; *and in all cases when an injured party shall claim damages exceeding thirty dollars, suit shall be brought in the Superior or Inferior Court, by written notice served upon the nearest agent or officer of said rail road company, or by leaving a copy at their place of doing business, twenty days before Court."*

We have endeavored to show that the fifteen days spoken of in the previous section of the Act, is restricted exclusively to demands under thirty dollars. We shall now offer some additional reasons why it does not apply to claims exceeding thirty dollars. And it is enough to say, that the Statute does not make it so. There is no limitation to actions, except that which the law prescribes. *Williams vs. Jones,* (13 *East.* 449.) Blot out the Statute of Limitations, and suits may be be brought within any time after the injury happens, however remote.

It was a maxim of the Common Law, that "an action never dies." And Lord *Ellenborough* said, that there was an unlimited right of suit until restrained by the Statute of Limitations. Even the doctrine that presumes a bond satisfied after the lapse of twenty years, was no part of the ancient law, but was introduced by Lord *Hale,* who did not go upon the bench until 1653. (*Oswald vs. Leigh,* (1 *S. R.* 271.) Mr. *Wilkinson* supposes, in his *Treatise on the Limitation of Actions, p.* 1, 7, (and in his speculations he seems to be sustained by the authority of Lord Chief Baron *Gilbert,*) that some practical restraint was put upon Stale claims, before the Statute of Limitations, 21 *James I.* 1623, was enacted. The weight of authority is the other way.

As to demands under thirty dollars, this Act has fixed fifteen days as the definite bounds within which the notice, *which is the suit,* shall be served; whereas, under the 6th section, for claims exceeding thirty dollars, the only requisite is, that the notice *or suit* shall be served twenty days *before Court;* that is, the term of the Inferior or Superior Court to which it is returnable. And this may be done at any time within which ordinary suits for similar injuries or causes of action may be instituted. The *remedy* only is changed by the late Statute. Either this is the limit to be applied by the Courts or none exists.

Had the Legislature intended the fifteen days' limit to have been applied to demands over thirty dollars also, after requiring the notice to be served twenty days before Court, they should have added, as they had done in the other class of cases, "provided the said notice is served within fifteen days after the happening of the injury complained of, and not after." For we take the rule of law to be clear, that while some out of certain requisites are expressly named, the inference is strong, that those omitted are intended to be excluded. In Justice's Court cases, the time of serving the notice, with the limitation of fifteen days, are specified. Here the time of serving the notice is expressed, but the limitation

is omitted. The inference is irresistible, it was intended to be excluded.

[2.] As to the matter of jurisdiction, one of two propositions must be maintained—either that the Act transfers the jurisdiction generally, over the class of cases embraced in it, allowing the party injured to pursue whatever mode of redress he may conceive to be applicable to' his case—either that given by the Statute or by ordinary suit at Common Law; or else, it prescribes a form of remedy which must be substantially, if not literally, followed.

We are clear that the proceedings in this case, in order to transfer the jurisdiction from Chatham County to Burke, should be made to conform to the Act creating a remedy contrary to the Common Law. And the only inquiry is, has such *notice* been served in this case as is contemplated by the Act? Does this procedure conform, essentially, to that which the law prescribes? This is neither more nor less than an action on the *case*, to recover damages for a negro slave, the property of the plaintiff, killed on the night of the 22d of July, 1854, by the running of the defendant's cars upon the Augusta & Waynesboro' Rail Road. The petition plainly, fully and distinctly sets forth the cause of action. The declaration is signed by Jones & Sturges, plaintiff's Attorneys. The usual process is attached, but without the name of the Clerk in the copy. We will presume that it has been omitted through oversight, and that it appears in the original. It was duly served by the Sheriff. Is this a good notice, under the Act? We think not.

The tribunal created by the first part of the Act of 1853–'4, was new; it had no existence before. Justice's Courts existed, but they had no jurisdiction over cases sounding in damages. No procedure was provided for this new class of cases; hence, the necessity for the minute specifications as to the mode of conducting the case, from beginning to end, from the service of the notice to the sale by the Sheriff or Constable. Not so with cases falling under the 6th section. The only direction is, that suit is to be brought by serving notice

twenty days before Court. It is silent, in all respects, except as to the mode of bringing and serving the suit. And here, the express mention of one thing implies the exclusion of all others. It must be by *notice.* But how by notice? We answer, in form and substance, the notice prescribed in the previous part of the Act.

It has been rather reproachfully remarked, that the interests of plaintiffs seem chiefly to have been considered by the Legislature in passing this Act. And this we have no doubt is true. The Legislature concluded, that inasmuch as the land along the line of this road had been seized and appropriated for its construction, willingly or unwillingly, it was but reasonable and right that the company should litigate with the proprietors for injuries done at the places where they happened, and where the company had a local habitation and a name, rather than compel the parties aggrieved to follow this "invisible, intangible body"—this "abstract, metaphysical being"—this "ideal essence or entity"—to their principal place of doing business: and hence, they provided the simple and cheap remedy prescribed in this Act.

One element of the *notice* required by the Act, we hold to be essential—indispensable—*it must be in the name of the party complaining*—others may serve it—he alone can give it. A notice in the name of any body else, is no notice. ".You damaged the subscriber," &c. is the very language of the notice prescribed by the Act. And who is the "subscriber?" The veteran, *John Doe,* (vainly supposed to be killed by the Act of 1847!) *alias dictus* James W. Jones. We ask, has he given this notice, personally or by any agent duly authorized for this purpose?

Mr. Jones, by his Counsel, addressed a petition to the Superior Court of Burke County, setting forth his grievances, to which, we will suppose, that process was attached by Mr. Edward Garlick, D. Clerk, requiring the defendant to be and appear at the next Superior Court of Burke County, to answer the plaintiff in an action on the case, &c. Is Mr. Garlick, the agent of Mr. Jones, to give this notice? It may be

AUGUSTA, JUNE TERM, 1855.        255

Jones *vs.* Cent. R. R. Bk'g Co.

said, that the Clerk is the agent of all plaintiffs, for this purpose. And it is true that he is, in all civil actions, sued out in the usual way, and to which process must be attached by that officer, otherwise they are void. But here is a case, confessedly, not brought under the Judiciary Act, but under a special Statute; and a case, too, dispensing entirely with process which is made out by the plaintiff himself and served upon the defendant, and returned into the Clerk's office, preparatory to a trial.

This process then, is manifestly a nulity; consequently, no notice has been given, and the jurisdiction of the Court necessarily abates.

Cases may occur, where the defect in this mode of proceeding will be apparent. Suppose the injury to have happened in Burke County, where suit must be brought, and the· nearest agent or officer of the company, upon whom it must·be served, resided in an adjoining county, or his place of doing business is there. How would process be framed by the Clerk to meet the exigencies of this case? It could not be done. And it never was intended by the Act that it should be. Process was dispensed with—the party was to give his own notice, and the Clerk, *as such,* cannot do it for him.

The Honorable William W. HOLT, by whose authority the process, which, together with the writ, is attempted to be converted into Statutory notice, purports to have issued, was not empowered to delegate this duty to the Clerk. His jurisdiction attached only when the notice was returned served. Before that time, neither the Judge nor the Clerk had any more right to intervene in this business, than any other private persons. If they acted, therefore, for Mr. Jones, the letter of Attorney, and not the Judiciary Act, must be produced.

Upon this ground, then, this proceeding must fail, and the suit in the Court below be dismissed. We are prepared to hold corporations to a plenary performance of all their legal obligations, but we will never strain a point for that purpose.

BENNING, J.—concurring.   I adopt the above opinion as my own.

STARNES, J. dissenting.

I find myself compelled to differ from the view taken by my brethren of the point made in this case, to the effect, that notice has not been given to the defendant in error, in terms of the Statute.   And these are my reasons :

The main design and intention of the Legislature, in the passage of this Act, was to afford convenience of remedy to the citizen whose stock might be injured by a rail road company.   This will not be disputed.   It plainly proposed to do this in two ways : 1.   By bringing jurisdiction over the injury, to the Courts of the county where that injury was committed. 2.   By insuring simplicity, and perhaps economy, in the mode of proceeding.

As such a proceeding was not before proper to Justice's Courts, there was propriety in prescribing the details which we find in the 2d section of this Act.   And owing to the form of proceeding, method of proof, &c. in these Courts, it was reasonable that the person there availing himself of the Act, should be required to commence his proceeding in fifteen days. from the time of the injury, and by such a form of notice as was furnished in that section.

But the results designed could be effected in the Superior and Inferior Courts, by a more general direction ; and so, as I believe, the Legislature very properly contented itself in the 6th section, with the general declaration, that " in all cases when an injured party shall claim damages exceeding thirty dollars, suit shall be brought in the Superior or Inferior

Jones *vs*. Cent. R. R. B'k'g Co.

Court by written notice, served upon the nearest agent or officer, &c;" and left the plaintiff to adopt such a form as fully, plainly and distinctly set forth his cause of complaint, and informed the corporation of the term of Court at which it was required to answer.

In this section no form of notice is prescribed, as in the 2d section; not even the substantial requisites of such a form are specified. And why should a prescribed form have been expressed in the one section, and excluded from the other, if the Legislature had not designed to dispense with it in the latter case? It is fair, however, to infer from the whole Act, that a notice under the 6th section, should have, in substance, all the requisites of notice elsewhere prescribed in the Act. Hence, when any such notice containing these elementary requisites of time, place and circumstance—in cases where the damage shall exceed thirty dollars, and which are brought in the Superior or Inferior Courts, is served upon the agent or officer of the corporation nearest to the place of injury—in my opinion, suit is properly brought against the corporation. The liberal spirit of the Act, in this respect, will be remarked even in the 2d section, where the form of notice is made "subject to such alterations and additions as the circumstances of the case may require."

It is true, that the petition in this case may be said to be, in the form of an *action on the case*. And the plea of the defendant was filed upon the supposition, that the proceeding was in the nature of an action on the case at Common Law. But if it be true, that this sixth section of the Statute does not positively require a given form, why should this constitute an objection, provided that the corporation receive notice of time, place and circumstances, and the tribunal before which, and the time when it must appear to answer for the alleged injury, by such proceeding, as affectually as it would have received it, if the notice had been fashioned on that contained in the 2d section?

The defendant unquestionably, in this case, has received

such effectual notice. Though the petition may be said to be in the form of an action on the case, yet, at the same time, it plainly, fully and distinctly sets forth the cause of action in accordance with the Judiciary Act of 1799; and so, in unusually plain terms of ordinary signification, it describes the injury, declares the time and place, and by the process, gives notice of the Court at which appearance is required. It in this way combines notice in terms of ordinary and plain signification, with *technical* notice of the injury done; and thus, employs those terms which custom has made familiar to the profession as most apt and appropriate, plainly, fully and distinctly to set forth a cause of action. Yet, to this the defendant objects—in effect objects, that the notice is too complete!

It is true, as I believe, that the intention of the Legislature was to dispense with process. But for whose benefit? For the advantage of the person injured. In order to remedy the mischief of forcing him to carry his suit against the corporation from his residence and the place of the injury, to the distant county in which the principal place of business of the corporation might happen to be situated; and thus, to save time and expense to him, in his own attendance, and that of his witnesses, on Court, as well as to save costs by simplifying the proceedings. But if the plaintiff, the person injured, for whose benefit this provision was made, choose to dispense with it, and to have process appended and made a part of his notice, does it lie in the mouth of the defendant to object?

As I have said, I do not deem the process necessary, nor formal service of it by the Sheriff, required by the Act. It was obviously the intention of the Legislature to obviate the inconvenience of bringing suit in the usual way, and to accomodate the mode of proceeding to the change as to jurisdiction, which it had made. The nearest agent of the corporation might not reside within the county where the injury was committed. The Act required the suit to be brought in that county. The Sheriff, therefore, would have difficulty in serv-

ing the process in the usual and regular way. Hence, the Act permitted service by notice, in such a case as that before us, and dispensed with the necessity of service by process. But if the plaintiff choose to file his petition with the Clerk of the Court, and authorize him to annex a process, he thus plainly makes that officer (whose peculiar duty it is, in suits before his Court, to give notice of the term and time of the Court's session,) his agent for the purpose of informing the defendant as to the time and place when and where answer is to be made.

For these reasons, I agree with the Counsel who so ably argued this case for the plaintiff in error, in thinking that the method of giving notice which he has adopted, is a substantial and reasonable compliance with the terms of this Statute, and is more in harmony with the forms of proceedings usual in the Superior Court.

It may be said that this Act should be construed strictly. Let this be granted. Still, that strict construction must be a reasonable construction. And according to the view which I take of this Statute, that which I have presented is the only reasonable construction thereof.