THE MUSCOGEE RAILROAD COMPANY, plaintiff in error, vs. WM. R. NEAL, defendant in error.

[1.] A plea to the jurisdiction comes too late, upon the appeal, there having been a trial at common law upon the merits.

[2] The Act of 1854, *Pamphlet p.* 92, is constitutional; and is not repealed by the Act of 1856. *Pamphlet p.* 155.

Notice for damages under the Act of 20th February, 1854, in Talbot Superior Court. Tried before Judge WORRILL, March Term, 1858.

This was a statutory proceeding by William R. Neal, against the Muscogee Railroad Company, for the recovery of damages for killing a negro belonging to plaintiff, upon their road, which negro was in the employ of the company. Defendant pleaded to the jurisdiction, and moved to dismiss the action, on the following grounds:

1st. That the Act of 20th February, 1854, is unconstitutional in this, that the body of the Act contains matter different from what is expressed in the title thereof.

2d. Because the Act of 20th February, 1854, no where confers on plaintiff the right to sue the defendant in the county of Talbot.

3d. Because at the time of bringing plaintiff's action, to-

wit, on the 26th day of November, 1856, the Act of 20th February, 1854, had been repealed by the Act of March 5th, 1856, entitled an Act to define the liability of the several railroad companies of this State, for injury to persons or property, to prescribe in what counties they may be sued, and how served with process. .

The Court overruled the motion to dismiss, as also the plea to the jurisdiction. Whereupon counsel for defendant excepted, and assign the same as error.

Plaintiff's attorney read an admission and waiver found upon the original notice which defendants attorney admitted was made.

SMITH & POU; and C. J. WILLIAMS, for plaintiff in error.

M. BETHUNE, for defendant in error.

*By the Court.*—LUMPKIN, J. delivering the opinion.

I am inclined to think that every question made upon this record, is covered by the previous adjudications of this Court, in the case of *Jones against the Central Railroad*, 18 *Ga. Rep.* 247, and other cases in which these railroad corporations were parties, except the single question, as to whether or not the Act of 1854, is repealed by the Act of 1856? But were it otherwise, and this case stood upon its own merits, untrammeled by authority, the result would not be different.

[1.] As to the plea to the jurisdiction, it certainly comes too late upon the appeal; and that too after a trial upon the merits.

[2.] And as it respects the constitutionality of the Act of 1854, the title amongst other things, proposes to regulate the mode of proceeding in the cases embraced in it; *Pamphlet*

*p.* 92; and of course covers the mode of proceeding in this case.

Is the Act of 1854, repealed by the Act of 1856? Or is the latter Act cumulative only. The latter Act only purports to repeal the former, so far as they are repugnant to each other. They are both affirmative statutes. The Act of 1856, *Pamphlet p.* 155, does not embrace all the objects provided for in the Act of 1854. It extends only to injuries done by the running of the engines and cars of the company. The Act of 1854, is broader, and not only includes injuries done by the engines and cars, but by the operation and use of any other machinery; and indeed for every other injury whatsoever.

Now, the notice in this case is not only very full, but in one count charges, that the injury was done by the running of the engines and cars, "and other machinery;" and for anything that appears to the contrary, the killing of the plaintiff's negro may have been caused in a way not provided for in the Act of 1856.

We see nothing in this case to justify a judgment of reversal.

Judgment affirmed.