CONDER *vs.* HOLLEMAN & BALLARD, and *vice versa.*

1. Where one made a conditional sale of personal property, retaining the title in himself to secure the purchase money, a failure to record the contract within thirty days, as required by Code §1955 (a), did not render the property subject to a judgment which had been rendered in favor of a third party against the vendee of the personalty prior to the making the sale. As to such a judgment creditor, the failure to record the contract of sale was immaterial.
2. The judgment being affirmed, the cross-bill of exceptions is dismissed.

November 6, 1883.

Judgments. Liens. Sales. Contracts. Records. Practice in Supreme Court. Before Judge HARRIS. Campbell Superior Court. February Term, 1883.

Reported in the decision.

P. H. BREWSTER; ROAN & ROSSER, for Condor.

R. M. HOLLEY *contra.*

BLANDFORD, Justice.

This case was tried below by the judge, without a jury, on an agreed state of facts, and the property levied on found not subject. The material facts are these: Conder, in 1879, obtained a judgment against Hudson, and had a *fi. fa.* issued from that judgment levied on this property, one black mare mule and a two horse wagon, as the property of the defendant, on the 18th day of October, 1882. Holleman & Ballard claimed the property. Their claim was based on these facts: On January 2d, 1882, they sold the property levied on to Hudson, and took his note for the purchase money, and to secure it retained, by the terms of the note, the title; this note or contract was probated and recorded on February 28th, 1882.

The court held that, under the facts, the property levied on was not subject to the *fi. fa.* This judgment is excepted to, and error is assigned thereon.

1. It is insisted by counsel for plaintiff in error that, under the act of 1881, Code, §1955 (a), this being a conditional sale from the claimant to the defendant in execution, whereby the title to the property levied on was reserved to claimant, and inasmuch as the same was not recorded within thirty days, that it was subject to the judgment lien of plaintiff, although such judgment had been obtained long prior to the sale by claimant to the defendant in execution. One provision in the statute referred to is, " the existing statutes and laws of this state in relation to the registration and record of mortgages on personal property shall apply to and affect all conditional sales of personal property as defined in this section." Hence it becomes necessary that the conditional sale in this case should be recorded within thirty days, the same as the record of mortgages on personal property.

But the object of the registration of mortgages is to give notice to all persons having dealings with the mortgagor of the existence of the mortgage; and in this case it appears that the dealings had between the plaintiff in execution and the defendant had taken place long before the sale of the property levied on, which was sold by the claimant to the defendant in execution, and the judgment in said case had been obtained long before said conditional sale. Then whether said conditional sale had been duly recorded or not, it would not in any manner affect the plaintiff, whose judgment had been obtained before the sale, and as to him it made no difference whether the sale was recorded or not. A judgment creditor of a mortgagor whose judgment was obtained before the making of a mortgage would not be affected by the record of such mortgage in any way. So this judgment creditor is in nowise affected by the non-record of this conditional sale; no right has accrued to him between the making of the conditional sale and the record of the same; he is not hurt by its non-record; and as to him, it is the same as if the sale had been duly recorded. The title to this property was in the claimant, he having re-

served the same until it was paid for by the defendant in execution, and he did not lose the same nor render it liable or subject to the judgment and execution of plaintiff by reason of not having his conditional sale recorded within thirty days. The lien of this judgment never attached to the property levied on. Such being the judgment of the court below, the same is affirmed.

2. It is ordered that the cross-bill of exceptions filed in this case be dismissed, and that the judgment of the court below stand affirmed.

Judgment affirmed.