WHITTLE *et al. vs.* TARVER, trustee.

1. Section 3583 of the Code, which provides that, " where a money judgment shall hereafter be rendered against any defendant who, at the time suit is begun, does not reside in the county where it is instituted, the property of such non-resident defendant, which is situated at the time of the judgment without such county, shall, so far as affects *bona fide* purchasers for value without actual notice

of the judgment, not be bound by such judgment, unless the owner of said judgment shall, within three months of the final rendition of the judgment, have his *fieri facias* entered upon the execution docket in the office of the superior court of the county where such defendant resided at the date of the judgment," has reference to general judgments against the defendant and all his property, and not to a judgment *in rem*, enforcing against certain land a charge created thereon by the will of the former owner. Whether the execution under such a decree was recorded or entered as provided by that section, is immaterial:

(a.) Under the facts of this case, the record of the decree could not have affected the title.

2. Where a claimant of land derived his title from one who derived title under a will which imposed a charge on the land, the record of the will was notice to the claimant; and it was error to charge that, unless he had actual notice of the charge on the land, it was not subject.

3. Where a decree was rendered on a bill to subject land to a charge created by a will, and a bill of review filed, resulting in a decree in favor of certain parties for the use of their attorneys, who were also parties, the fact that the execution was issued directly in favor of the attorneys furnished no ground of objection.

4. Where counsel were parties to a bill, and as such obtained a decree enforcing for their benefit a charge created by a will on certain land, and no exception was taken to this decree, it fixed the rights of the attorneys, if the court had jurisdiction; and the proceeding being by them as parties, and not to enforce a lien as counsel on proceeds in the hands of, or belonging to, their clients, there is no need to show any notice of an attorney's lien or other steps to enforce it.

5. Whether the superior court of DeKalb county had jurisdiction, when the original bill was filed in this case, or not, yet where the defendant therein filed his bill of review in that county, there was jurisdiction therein, and the decree rendered against him, enforcing a charge upon land, bound him and those holding under him.

November 3, 1885.

Executions. Judgments. Decrees. Equity. Attorney and Client. Jurisdiction. Before Judge BOWER. Dougherty Superior Court. April Term, 1885.

Reported in the decision.

D. A. VASON; G. W. GUSTIN, for plaintiffs in error.

G. J. WRIGHT; R. HOBBS; L. ARNHEIM, for defendant.

JACKSON, Chief Justice.

A bill was brought in DeKalb superior court in favor of W. B. Tarver *et al.* against A. H. Colquitt, Henry A. Tarver and others, seeking to subject certain property of said Henry A. and others, lying in Dougherty county, to the claim of said W. B. *et al.* upon defendants as a charge upon the land of Henry A. and others, by virtue of the will of General Tarver. The case was submitted to Judge McCay, *pro hac vice* judge, Judge Hillyer being disqualified, on law and facts, and a decree was had subjecting certain lands of Henry A. to the payment of a certain sum of money in favor of the complainants, by virtue of the charge in said will. Subsequently a bill of review of this decree was brought by the said Henry A. to set aside this decree as illegal and inequitable, which resulted, on a hearing before Broyles as *pro hac vice* judge, in a verdict against setting aside the decree, but finding that the decree be enjoined in so far as three-fourths of the sum found was concerned, but that it proceed for one-fourth thereof for the use of Whittle *et al.*, counsel for complainants in the first bill, the said counsel having been made parties defendant to the bill of review. Upon this verdict a new decree was rendered, perpetually enjoining the collection of three-fourths of the sum found due in the original decree, but directing and decreeing that " said judgment proceed for twenty-five per cent., or one-fourth of the principal and interest thereof, to-wit, eight hundred and fifty dollars and sixty cents, for the use and benefit of the attorneys in the original suit of said W. B. Tarver and Benj. M. Tarver *vs.* A. H. Colquitt, Henry A. Tarver *et al.*, and defendants in this bill, to-wit, L. N. Whittle, Henry Hillyer and L. J. Winn, to be levied on the property of complainant, Henry A. Tarver, described in the decree in original bill and in this bill; and it is further decreed that de-

fendants do recover costs," etc. The original decree referred to in the above decree describes the land by numbers and as that bequeathed by General Hartwell Tarver to Henry A. Tarver.

Upon this decree execution was issued in favor of Whittle, Hillyer and Winn against and upon the land bequeathed to Henry A. Tarver by the will of Hartwell Tarver (describing the land by lots) and commanding that " you cause to be made the sum of eight hundred and fifty dollars and sixty cents for principal debt, and interest thereon from the 26th day of March, 1881, and the sum of seventy-five dollars costs, which lately, to-wit, on the 26th day of March, 1881, L. N. Whittle, Henry Hillyer and L. J. Winn in our superior court, held in and for said county of DeKalb, recovered against Henry A. Tarver," etc.

This execution was levied upon the land therein described, and the land claimed by H. H. Tarver, trustee, and issue joined thereon of subject or not subject. Under charge of the court, the jury found it not subject, and on a denial of a motion for a new trial, plaintiffs in execution assign error here.

1. The ground on which reliance is placed by plaintiffs in error and pressed here is the following charge:

" That if the proof shows that Henry Tarver, the defendant, did not live in DeKalb county at the institution of said suit and the rendition of the judgment, but resided in Dougherty county, and the execution was not entered on the execution docket of the superior court of Dougherty within three months of its date, and the proof further shows that the claimant purchased *bona fide* for value and without actual notice of this claim and charge on the land contained in the will, and that claimant did not have actual notice of the judgment and execution, then you will find the property not subject."

We think that the above charge is erroneous, and as it pointed strongly to the verdict on the admitted fact that

no entry of the execution had been·made on the execution docket of Dougherty county, there must be a reversal.

The charge is predicated upon section 3583, which de clares that, " where a money judgment shall hereafter be rendered against any defendant who at the time suit is begun does not reside in the county where it is instituted, the property of such non-resident defendant, which is situated at the time of the judgment without such county, shall, so far as affects *bona fide* purchasers for value without actual notice of the judgment, not be bound by such judgment, unless the owner of said judgment shall, within three months from the final rendition of the judgment, have his *fieri facias* entered upon the execution docket in the office of the superior court of the county where such defendant resided at the date of the judgment."

It would seem that this statute has reference to general judgments against the person and all his property, and not a judgment *in rem.* It has been so held in respect to mortgage judgments when the bar of the four years' possession provided for in the first branch of this section 3583 of the Code was pleaded. 53 *Ga.*, 328. The reasoning on which that decision rests is mainly that it is not the lien by judgment that binds the property, but the lien by contract, by the mortgage, the record of which was notice. The same reasoning would apply here. It is the charge upon this land in the will of General Tarver, and not this decree that attaches a lien upon it. That will, its probate and admission to record, is the date of this lien, and not this decree.

Whether, therefore, the execution was recorded or entered on the execution docket is not a question of value to this claimant. It cannot affect him. His fight is with the charge on this land in the will of the testator, who bequeathed it to the defendant in execution, and the person from whom the claimant derives title, and who took it sub· ject to this charge, this lien upon it.

A glance at the facts here will show how conclusive this

reasoning is as applied to this case. Long before this judgment, the defendant in execution made a deed to H. H. Tarver, in trust for his wife and children, to this land, and also before this judgment, or rather, decree, I should call it, as it is, this land was sold by the United States marshal as the property of this defendant, bought by Boylston, and by him conveyed to the claimant. So that, if this execution had been entered all over the execution docket of Dougherty county, and if this judgment had been spread all over the records of that county, it could not have subjected this land which had passed out of the defendant anterior to its rendition  Therefore, whether recorded or entered or not, could not affect the rights of either the plaintiff in execution or the claimant. Therefore, the charge was wrong, that unless so entered, and notice of the judgment was brought home to the claimant, the land was not subject; and so, in an analogous case, this court decided, in *Conder vs. Holleman & Ballard*, 71 *Ga.*, 93, in the instance of the failure to record a conditional sale.

2. Nor do we think the court right in ruling that unless the claimant had actual notice of this charge on the land in the will, the property charged was not subject. The probate of the will of record in the court of ordinary is itself notice; and the fact that the claimant derived title from the defendant, who got his directly from the will, charges him with notice.

3. We see nothing in the objection that the execution was issued in the names of Whittle *et al.*, and not of their clients, the Tarvers, for their use. In equity the true owner is he who has the real equitable title, and it is only for Whittle *et al.* that this decree on this bill of review was rendered; because " for their use and benefit" means for them only. But our statute seems to settle it beyond cavil. Code, §4215. There it is enacted that " the plaintiff in such execution shall be the person actually entitled, without regard to his relative position in the cause," and there the section is dealing with decrees for specific sums of money

Whittle *et al. vs.* Tarver, trustee.

in favor of any party to the bill, and these three plaintiffs are all parties thereto.

4. It is not on a claim of lien as counsel that these plaintiffs move under this decree.   It is not a lien on the decree or the proceeds of it in the hands of their clients, or belonging to their clients, but it is by virtue of this decree itself, as parties defendants thereto, that this execution was issued and is proceeding; and this decree gives to them the money specified therein out of this land bequeathed by Hartwell Tarver to this defendant with this charge thereon. So the jury found; so the court decreed; and no appeal or writ of error thereto having been taken, the decree must be enforced, unless the court was without jurisdiction. There is no need of any notice of attorneys' liens or any other step on their part.   This decree is the finality which fixed their rights, and the execution enforces it

5. It may be that the court of DeKalb had no jurisdiction when the bill was first brought, though relief and sub.stantial relief may have been prayed against A. H. Colquitt, a resident of DeKalb; but independently of that, whether there was jurisdiction then or not, this defendant, by filing therein his own bill of review, gave it jurisdiction, and its decree that he pay out of this land this debt concludes him and those holding under him.

We think, therefore, that for errors of law there should be a new trial, and that the principles above indicated should be applied at the new hearing.   What facts may then be developed to put a new phase on the case, we do not know.   On those disclosed by the not very clear, and perhaps incomplete record before us now, we are clear that the law and equity of the case have not been reached.

Judgment reversed.