## 11742.  BARWICK v. AMERICAN MANUFACTURING CO.

1. " The Supreme Court has no jurisdiction to hear contradictory evidence impeaching the verity of a record from the trial court.  In the absence of any statutory provision, this court has no authority to try a traverse to a return of service of a bill of exceptions, or to refer to the trial court the issue of fact as to the truth or falsity of such return.  The bill of exceptions and entries thereon showing jurisdiction of the Supreme Court, the writ of error will not be dismissed." *Ga. Fla. & Ala. Ry. Co.* v. *Lasseter*, 122 *Ga.* 679 (51 S. E. 15).  Under the above ruling there is no merit in the motion to dismiss the bill of exceptions in this case.

2. Where there was a plea to the jurisdiction of the person and one to the merits, and the case was tried on its merits without reference to the plea to the jurisdiction, the defendant, by going into the trial on the merits without insisting upon the plea to the jurisdiction, waived all the rights it had under the plea to the jurisdiction.

(a) A new trial having been granted, the defendant was estopped upon the second trial from insisting upon the plea to the jurisdiction, by having waived it on the first trial.

3 The error of the judge in allowing the plea to the jurisdiction to be amended on the second trial, and in then refusing to strike the plea as amended, rendered all the subsequent proceedings nugatory, and the court erred in overruling the motion for a new trial.

DECIDED JULY 12, 1921.

Attachment; from Thomas superior court — Judge Thomas. June 19, 1920.

Application for certiorari was denied by the Supreme Court.

*Hines, Hardwick & Jordan, Hay, Joiner & Hammond,* for plaintiff. *Titus, Dekle & Hopkins,* for defendant.

BLOODWORTH, J.  We will discuss only the matter ruled upon in the second headnote.  J. W. Barwick had an attachment issued against the American Manufacturing Company, " a foreign cor-

poration and resident out of the State of Georgia." The attachment was levied by serving a summons of garnishment. A declaration in attachment was filed, and at the first term the defendant filed a plea to the jurisdiction of the person and one to the merits. At a subsequent term the case was tried on its merits, no reference whatever being made to the jurisdiction. At that trial a verdict for the plaintiff was rendered. The defendant made a motion for a new trial, which was granted. When the case was called for the second trial the defendant offered to amend the plea to the jurisdiction, by adding thereto a verification, and by stating additional reasons why the court had no jurisdiction of the person of the defendant. The trial judge allowed the amendment, over the objection of the plaintiff, and then refused to strike the amended plea, and the plaintiff excepted.

That the defendant, by not insisting upon his plea to the jurisdiction at the first trial, waived all rights he had at that trial under this plea is self-evident. Civil Code (1910), § 5664. In *Macon & Birmingham Railroad Co.* v. *Gibson,* 85 *Ga.* 2 (8) (11 S. E. 442, 21 Am. St. R. 135), it was said: " Nothing appears to show that the judge erred in entertaining jurisdiction of the cause. Any objection founded on the non-residence of the principal defendants, in the county, could be waived and was waived if these defendants answered without raising *and urging* that objection." (Italics ours.) The real question now to be determined is whether or not this waiver extended to the second trial. This seems never to have been passed upon by the appellate courts of this State. In Stevens *v.* Lee, 70 Texas, 279, Judge Acker said: " On a former trial Mrs. Stevens interposed a plea in abatement to the cross-bill of appellee, which plea was also interposed by appellants on the last trial. It appears from the opinions, as well as the record on the former appeal, that the court did not act on the plea in abatement at the first trial. On the last trial the court overruled the plea, and this ruling is complained of as error. . . The failure of Mrs. Stevens to have the court act upon the plea in abatement on the first trial was an abandonment or waiver of the plea, and appellants could not afterwards renew it." Accepting the above ruling as a precedent, we are constrained to hold that the waiver of the plea to the jurisdiction at the first trial amounted to an abandonment of this plea, and the court

erred in allowing it to be amended and in refusing to strike it after it was amended.

*Judgment reversed. Broyles, C. J., concurs. Luke, J., disqualified.*