26347. BUTLER *v.* WINTON *et al.*

DECIDED SEPTEMBER 25, 1937.

*Jesse J. Gainey, Clifford E. Hay,* for plaintiff.

*H. H. Merry, Titus & Dekle, S. P. Cain, James A. Branch,* for defendants.

GUERRY, J. In March, 1935, J. N. Butler filed suit against Hense Winton, C. N. Ragsdale, J. R. Lawhon, and Gus Weill, as joint tort-feasors, returnable to the June term, 1935, of the city court of Thomasville. Ragsdale, Lawhon, and Weill jointly filed a plea to the jurisdiction, a demurrer, and an answer. In June, 1935, Winton filed a motion to vacate and quash the entry of service on him, a plea to the jurisdiction, a demurrer, and an answer. The demurrer (omitting grounds of special demurrer) was as follows: "Now comes the defendant, Hense Winton, and subject to his special appearance and motion to vacate and quash the entry of service, and subject to his plea and objections to the jurisdiction of this court, and not waiving the same but insisting thereon, demurs to the petition of the plaintiff, upon the following grounds: 1. Because, under the allegations of the petition,

this court is without jurisdiction over this defendant, in that it appears from said petition that the defendant at the time of the filing of the petition and of service upon the defendant was a resident of the State of Tennessee, and the petition nowhere shows that defendant was temporarily in Thomas County, Georgia, under conditions upon which legal service of a suit against him could be made; and the petition does not set out or allege anywhere therein that the defendant was not in Georgia under conditions and circumstances that would exempt him from suit in a civil action. 2. Defendant demurs generally to the petition, on the ground that the same does not set forth any cause of action against him." The bill of exceptions recites that "on September 10, 1935, said case was reached in its regular order, and was called for a hearing on the demurrers." The plaintiff amended his petition, and Ragsdale, Lawhon, and Weill, jointly filed their demurrer to the petition as amended, "and the defendant Hense Winton also filed his demurrer to the petition as amended." It does not appear from the record in what respect the plaintiff amended his petition; nor does it appear that Winton's demurrer to the petition as amended was different from the demurrer above quoted. "Said case then proceeded to a hearing on the demurrers therein before said judge, before having any hearing on Winton's motion to vacate and quash the entry of service on him, or on his plea to the jurisdiction; and the demurrers of the defendants C. N. Ragsdale, J. R. Lawhon, and Gus Weill were sustained in part on September 10, 1935. At the same time the demurrers of the defendant Hense Winton were overruled in part with the consent of counsel for said defendant." The judgment sustaining the demurrers of Ragsdale, Lawhon, and Weill was taken to this court, and was reversed. 53 *Ga. App.* 810. After the remittitur of this court was received and the judgment of this court was made the judgment of the court below, the case was called for trial, and "said Hense Winton presented and insisted on the court hearing his motion to vacate and quash the entry of service on him and his plea to the jurisdiction." The motion and the plea to the jurisdiction were substantially that at the time of the service of said petition and process upon him the defendant was not a resident of Thomas County or of the State of Georgia; that he was and is a resident of Franklin County, Tennessee; that on the date of serv-

ice there was pending in the city court of Thomasville a case of J. N. Butler *v.* Hense Winton, an action of bail-trover by Butler against Winton, "and said case was on the calendar for trial in said court on said date. Said city court of Thomasville was actually in session, and movant was in the court-room for the purpose, and solely for the purpose, of attending the trial of said case and of testifying as a witness in his own behalf as defendant in said case, when the deputy sheriff, J. J. Holton, handed him a copy of the petition and process in the case;" and that, under these facts, the defendant was exempt from service of civil process in any other cause, and therefore the service upon him was illegal and void.

The plaintiff filed and urged a motion to strike and dismiss the motion to vacate and quash the entry of service and plea to the jurisdiction, "on the grounds that said defendant had waived same and had acknowledged and waived jurisdiction of the court over him by hearing and urging his said demurrer, and having same disposed of in part by consent, before urging and insisting on hearing his said plea to the jurisdiction." On the hearing of this motion the plaintiff introduced the demurrer of the defendant, and the order thereon, as follows: "The first paragraph of demurrer on question of jurisdiction as to Hense Winton is hereby overruled by consent of attorneys for Hense Winton." The plaintiff introduced also the demurrers of Ragsdale, Lawhon, and Weill, and the order sustaining them in part, as follows: "This demurrer and the demurrer to the original petition having come on for hearing before me at this time, after hearing argument of counsel, it is ordered that the grounds of demurrer raising the question of the jurisdiction as to the defendants, Ragsdale, Lawhon, and Weill, are hereby sustained, and the case is dismissed as to said defendants. The other grounds of demurrer and the questions raised thereby are not now passed upon." The plaintiff introduced also the bill of exceptions to this order and judgment, and the remittitur from the Court of Appeals reversing that judgment. C. E. Hay, attorney for the plaintiff, "thereupon stated in his place as such, that, when this case was reached on September 10, 1935, the only thing said about the proper order for disposing of the several issues then raised by the pleadings was a remark by the trial judge, made in all fairness to all parties and

their counsel, to the effect that there might be some question as to the proper order for disposing of such questions. No attorney for any party to the case made any reply to the judge's suggestion, or stated his contention with respect to the proper order for disposing of the several questions raised by the pleadings. The demurrers were then heard and disposed of as shown by the record, with counsel for all parties present and taking part in the argument on the demurrers." S. P. Cain, attorney for the defendant, stated: "After demurrers of other defendants had been heard, Mr. Hay asked that demurrer of Winton as to jurisdiction be heard. We stated to the court we conceded paragraph 1 was bad and were willing to strike it. I took the demurrers and wrote on the margin: 'Paragraph 1 abandoned. Merry and Cain.' Mr. Hay insisted that a formal order be entered. I then wrote the order, adding the words: 'The question of jurisdiction to be determined on defendant's plea and objection by motion to jurisdiction.' Mr. Hay objected to this being in order, and I ran a pen through the words quoted, and order was then signed. We asked when a hearing could be had on the plea and motion. The court stated the plea raised questions of fact that a jury would have to pass on." The bill of exceptions further recites: · "Both attorneys for Winton stated they relied on reservation in pleadings, and had no intention of waiving anything. The presiding judge stated he recalled stating he had no jury present, and the question of fact presented by the motion to quash and the plea to the jurisdiction would have to wait until later. . . After hearing said evidence and argument of counsel, the court then and there passed orders overruling and denying each of said motions [of plaintiff]." The order of the court was as follows: "Upon considering the foregoing motion, together with all that part of the record in point and the statement of plaintiff's counsel (C. E. Hay) in his place and defendant's counsel (S. P. Cain and H. H. Merry) as to what occurred at the hearing on the demurrers, the said motion is hereby overruled and denied." Exceptions are taken to this order, and to the court's direction of the verdict in favor of the defendant on the motion to quash service and plea to the jurisdiction, not as erroneous within themselves, but being a final judgment necessarily controlled by the alleged erroneous order of the judge already set out.

There is no merit in the appeal. It is true that "where a court has jurisdiction of the person and the subject-matter of the suit, and the defendant has some privilege exempting him from the jurisdiction, he may waive the privilege if he chooses to do so" (*Bostwick* v. *Perkins, 4 Ga.* 47); and that a defendant will be held to have waived this exemption from jurisdiction of the court if he appears and pleads to the merits of the case by filing an answer or a general demurrer going to the merits, without filing a plea to the jurisdiction. *Campbell* v. *Mercer, 108 Ga.* 103 (33 S. E. 871); *McGahee* v. *Hilton & Dodge Lumber Co.,* 112 *Ga.* 513 (37 S. E. 735); *Cox* v. *Adams, 5 Ga. App.* 296 (63 S. E. 60); *Berry* v. *Watkins,* 158 *Ga.* 304 (123 S. E. 102); *Waters* v. *Waters,* 167 *Ga.* 389 (6) (145 S. E. 360); *Hudgins Contracting Co.* v. *Redmond,* 178 *Ga.* 317 (173 S. E. 135); *Harper* v. *Allen,* 41 *Ga. App.* 736 (154 S. E. 651); *Bunting* v. *Hutchinson, 5 Ga. App.* 194 (5) (63 S. E. 49); *Hall* v. *Mobley,* 13 *Ga.* 318; *Green* v. *Whitfield,* 20 *Ga.* 379; *Muscogee R. Co.* v. *Neal,* 26 *Ga.* 120; *Berry* v. *Cooper,* 28 *Ga.* 543; *Bryan* v. *S. W. R. Co.,* 41 *Ga.* 71; *Whittle* v. *Tarver,* 75 *Ga.* 818; *Southern Ry. Co.* v. *Cook,* 106 *Ga.* 450 (32 S. E. 585); *Macon R. Co.* v. *Gibson,* 85 *Ga.* 1 (11 S. E. 442); *Edison Provision Co.* v. *Armour & Co.,* 51 *Ga. App.* 213 (179 S. E. 829); *Harper* v. *Tennessee Chemical Co.,* 37 *Ga. App.* 433 (140 S. E. 408); *Emmett* v. *Dekle,* 132 *Ga.* 593 (64 S. E. 682); *Paulk* v. *Tanner,* 106 *Ga.* 219 (32 S. E. 99). Such waiver will result if, after having appeared and filed a plea to the jurisdiction together with answer and general demurrer, the defendant seeks and obtains a ruling on his general demurrer concerning the merits of the case, or goes to trial on the merits, without insisting on the plea to the jurisdiction. *Barwick* v. *American Mfg. Co.,* 27 *Ga. App.* 275 (108 S. E. 119); *Faughnan* v. *Bashlor,* 163 *Ga.* 525 (136 S. E. 545). However, a waiver will not result, where the defendant appears and files, beside a plea to the jurisdiction, a general and special demurrer and an answer in which his rights under the plea to the jurisdiction are expressly reserved. *Cox* v. *Adams,* supra; *High* v. *Padrosa,* 119 *Ga.* 648 (46 S. E. 859); *Drake* v. *Lewis,* 13 *Ga. App.* 276 (79 S. E. 167); *W. & A. R. Co.* v. *Pitts,* 79 *Ga.* 532 (4 S. E. 921); *McFarland* v. *McFarland,* 151 *Ga.* 9 (105 S. E. 596); *Stallings* v. *Stallings,* 127 *Ga.* 464 (56 S. E. 469). Nor, where the above is done, will a waiver of

the plea to the jurisdiction result where counsel for the defendant insists upon and obtains judgment overruling that part of his demurrer that the petition on its face does not show jurisdiction of him. Where lack of jurisdiction appears on the face of the petition, it is proper to take advantage of such defect by demurrer. *Green* v. *Whitfield,* supra; *Willie* v. *Willie,* 154 *Ga.* 688 (115 S. E. 257); *Coney* v. *Horne,* 93 *Ga.* 723 (20 S. E. 213); *McConnon* v. *Marlin,* 33 *Ga. App.* 392 (4) (126 S. E. 272); *Payne* v. *Chambliss,* 27 *Ga. App.* 374 (5) (108 S. E. 472); *Weatherly* v. *Southern Co-operative Foundry Co.,* 111 *Ga.* 826 (35 S. E. 679); *Ocilla Southern Ry. Co.* v. *McAllister,* 20 *Ga. App.* 400 (93 S. E. 26); *Wallace* v. *Southern Express Co.,* 7 *Ga. App.* 565 (67 S. E. 694). To hold that to urge such a demurrer, without at that time insisting upon the plea to the jurisdiction which raises questions of fact not reached by the demurrer, waives the plea to the jurisdiction, would be in effect a holding that to appear and object to the jurisdiction waives jurisdiction. A waiver of a previously filed plea to the jurisdiction, by urging and obtaining a ruling on a general demurrer that the petition set out no cause of action, is based on an estoppel; in other words, a defendant will not be allowed to invoke a ruling of the court on the merits of the case, and then seek thereafter to avoid it by urging a plea to the jurisdiction. No such estoppel would arise where the demurrer urged was merely that the petition did not allege sufficient facts to show jurisdiction of the defendant. It may be inferred from the argument of counsel for the plaintiff that counsel for the defendant took part in the argument of the other defendant's demurrers, which went both to the merits of the case and to the jurisdiction of the court over them, the sustaining of which would amount to a dismissal of the suit as to all of the defendants. However, it does not appear that their argument invoked a decision of the court upon that part of the demurrer going to the merits, as the judge passed only on that part of the demurrer setting forth that the petition did not allege facts which disclosed jurisdiction of the court over the other three defendants. Moreover, even so, the judge, upon hearing evidence on the motion to dismiss the plea to the jurisdiction, in effect held that counsel for the defendant had expressly reserved their rights to be heard under their motion to quash the service and plea to the jurisdiction,

and therefore it could not be said that by their conduct, whether it be insistence upon a general demurrer going to the merits or otherwise, they waived any of their rights under the plea to the jurisdiction. We are not to be construed as intimating that taking part in the argument upon a general demurrer filed by a joint tort-feasor, by counsel for another tort-feasor who has filed a plea to the jurisdiction, the sustaining of which demurrer would amount to a dismissal of the suit against both, and a ruling thereon by the court, without at that time reserving his rights under his plea to the jurisdiction, would amount to waiver thereof. That question is not now presented, and we entertain no opinion thereon. The judge did not err in overruling the plaintiff's motion to dismiss the defendant's motion to quash service and plea to the jurisdiction, and in thereafter sustaining such motion and plea.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*