33087. BURGER *v.* NOBLE.

DECIDED JUNE 7, 1950.

760

*Wesley R. Asinof,* for plaintiff in error.

*O. C. Hancock, C. E. Moore,* contra.

TOWNSEND, J. (After stating the foregoing facts.) It is contended by counsel for the defendant that the defendant is a resident of DeKalb County; that his codefendant is a resident of Fulton County; that the judgment for $2000 entered against the defendant in effect dismissed this action against the codefendant; although an amendment to the original action was filed against the codefendant for two other automobiles or their value in the amount of $4000, the amendment set out a separate and distinct cause of action against the codefendant in which the defendant had no interest and which did not require any defensive action on his part. He further contends that he was entitled to have his motion in arrest of judgment sustained by the trial court because when judgment was entered against the defendant, a resident of DeKalb County, on the original unamended part of the trover action, and not against the codefendant who was a resident of Fulton County, that the Civil Court of Fulton County thereby lost jurisdiction of his person.

Article VI, par. IV of the Constitution of the State of Georgia (Code § 2-4904) provides as follows: "Suits against joint

obligors, joint promissors, copartners, or joint trespassers residing in different counties, may be tried in either county." It is well settled, however, that where such an action is brought in the county of the residence of such defendants, and on the trial of the case no judgment is taken against such resident defendant, the court loses jurisdiction as to the non-resident defendant unless jurisdiction thereof is waived, either expressly or impliedly by the conduct of the defendant. See *Warren* v. *Rushing,* 144 *Ga.* 612 (87 S. E. 775) ; *Central of Ga. Ry. Co.* v. *Brown,* 113 *Ga.* 414 (3) (38 S. E. 989). A motion in arrest of judgment has been held to be a proper remedy where jurisdiction has been lost, and not waived. *Christian* v. *Terry,* 36 *Ga. App.* 815 (138 S. E. 244). It follows that jurisdiction of the Civil Court of Fulton County was lost as to the defendant here unless the subsequent conduct of the defendant after the rendition of the judgment against him was a waiver thereof. Code § 81-503 provides as follows: "If a defendant shall appear and plead to the merits, without pleading to the jurisdiction, and without excepting thereto, he shall thereby admit the jurisdiction of the court." Obviously, this Code section cannot apply to a defendant such as the one here in the first instance, for he must appear and plead to the merits and stand before the court until the codefendant is discharged. The appearance of the defendant and his plea to the merits in the first instance, therefore, did not constitute a waiver under this Code section. Upon the rendition of the judgment against him, however, he filed a motion for a new trial, which, if successful, could have had but one result, that the defendant would again stand trial in the Civil Court of Fulton County. The trial court overruled this motion, and that decision was affirmed by this court. See *Burger* v. *Noble,* supra.

A motion which seeks to obtain a new trial obviously invokes a ruling of the court on the merits of the case. In *Butler* v. *Winton,* 56 *Ga. App.* 443 (192 S. E. 835), at page 448, it is stated: "A defendant will not be allowed to invoke a ruling of the court on the merits of the case, and then seek thereafter to avoid it by urging a plea to the jurisdiction." In *Whittle* v. *Tarver,* 75 *Ga.* 818 (5), the court held as follows. "Whether the Superior Court of DeKalb county had jurisdiction, when

the original bill was filed in this case, or not, yet where the defendant therein filed his bill of review in that county, there was jurisdiction therein, and the decree rendered against him, enforcing a charge upon land, bound him and those holding under him." Black's Law Dictionary defines a bill of review as a bill in the nature of a writ of error peculiar to courts of equity at common law. The bill of review in the *Whittle* case, supra, as constituting a waiver of jurisdiction, is synonymous with a motion for a new trial. The defendant here, by filing a motion for a new trial, admitted the jurisdiction of the court. The case of *Hay* v. *Collins*, 118 *Ga.* 243 (44 S. E. 1002), relied upon by counsel for the defendant, holds merely that the judgments overruling a motion for a new trial and overruling a motion in arrest of judgment may be brought to this court by separate bills of exceptions. There was, in that case, no question raised as to the jurisdiction of the court or a waiver thereof, and the motions were apparently filed at the same time, whereas in this case the defendant filed his motion for a new trial in the Civil Court of Fulton County without first raising the question of the jurisdiction of the court over the proceedings.

The judgment of the trial court overruling the motion to set aside the judgment is

*Affirmed. MacIntyre, P.J., and Gardner, J., concur.*