## 60022. CHAMBERS et al. v. McDONALD.

McMurray, Presiding Judge.

John W. Chambers and Ernest G. Robinson, Jr., as lawyers, leased office space to Louis F. McDonald, another lawyer, in 1975 and a part of 1976. Clifford D. Henry was a client of Chambers and Robinson. In 1975 Henry met with these counsel with reference to seeking an injunction to prevent the foreclosure of certain property. McDonald was to perform legal work and proceeded to do other legal work thereafter for Henry. Henry contends that as a client of Chambers and Robinson he had paid them for the legal work and that he did not owe McDonald for said legal work. Chambers and Robinson contend that they never promised or agreed to pay McDonald for the legal work, but that he performed it for Henry, not for them. McDonald contends that all three agreed to pay him for the legal work that he performed for Henry. McDonald eventually moved his office, at which time he owed Chambers and Robinson for one

month's rent of $600.

Thereafter, in Cobb Superior Court, McDonald sued Henry as a resident of Cobb County and Chambers and Robinson as residents of DeKalb County, seeking judgment for legal services rendered by the plaintiff at the request of the defendants in the amount of $1,987.50. The parties were served. Henry answered, denying the claim and admitting jurisdiction. Further answering, with reference to the services rendered, he stated that "if any were rendered by plaintiff, [same] were rendered as an employee or associate of defendant... Chambers, who was representing this defendant in that litigation and this defendant has paid ... Chambers in full for services rendered in connection with those cases." Defendants Chambers and Robinson answered, denying the claim in its entirety and denying that they were subject to the jurisdiction of the Cobb County court. However, by counterclaim they sought the sum of $600 "for rent, secretarial services, telephone, and general overhead furnished to plaintiff."

After discovery the case proceeded to trial based upon a pretrial order. The evidence was in considerable conflict as to who was to pay for the legal services performed by the plaintiff. Both plaintiff and defendants Chambers and Robinson agreed that the $600, amount of the counterclaim, was past due. The trial court instructed the jury that since the plaintiff had admitted owing the $600 the counterclaim was withdrawn from the jury "and I will cover that in my judgment." The jury returned a verdict in favor of the plaintiff against the defendants Chambers and Robinson in the amount of $1,987.50. The defendants moved to dismiss the claim as found by the jury in favor of defendant Henry, the only defendant resident of Cobb County, Georgia. This motion was reduced to writing, and the defendants likewise filed a voluntary dismissal of the counterclaim "without prejudice," both on August 28, 1979, the jury verdict having been dated and filed August 27, 1979.

On October 22, 1979, the trial court entered its findings of fact in general as set forth above and conclusions of law with reference to the motion as to whether the court had lost jurisdiction over the nonresident defendants when the jury found in favor of the resident defendant but against the nonresident defendants and whether after the jury had returned its verdict but before entry of final judgment the remaining defendants could voluntarily dismiss their counterclaim, citing *Steding Pile Driving Corp. v. John H. Cunningham & Assoc.,* 137 Ga. App. 165, 166 (1, 2) (223 SE2d 217) and *Burger v. Noble,* 81 Ga. App. 759, 761 (59 SE2d 761). The trial court concluded that if the nonresident defendants took some affirmative action, the trial court could find that want of jurisdiction of the person is waived and jurisdiction of the person is admitted. The

court held that an example of an affirmative action by a defendant, which would operate as a waiver of lack of venue, would be the invoking of a ruling by the court on the merits of the case, citing again *Burger v. Noble,* 81 Ga. App. 759, supra, at p. 761. Based upon the filing of a counterclaim, and the request by the defendants Chambers and Robinson of the court to direct a verdict that the amount of the counterclaim was due and owing, the court held this was an affirmative action and the defendants would not be allowed to plead a lack of jurisdiction by the court, citing *Butler v. Winton,* 56 Ga. App. 443 (192 SE 835).

The trial court then held that the defendants could not dismiss the counterclaim " 'after a verdict or a finding by the judge which is equivalent thereto has been reached . . .' *Cooper v. Rosser,* 233 Ga. 388, 211 SE2d [303] (1974)." Defendants' motions to voluntarily dismiss the counterclaim and to set aside the verdict and to dismiss the complaint as to Chambers and Robinson were denied, and the trial court affirmed the verdict of the jury against them. A final judgment in favor of plaintiff was then entered on October 26, 1979, in the amount of $1,387.50, reducing the amount of $1,987.50 by the amount of $600 to which the defendants Chambers and Robinson were entitled as a setoff on the basis of their counterclaim. Defendants appeal. *Held:*

Based upon the cases cited by the trial court, including *Jones v. Burton,* 238 Ga. 394, 395 (233 SE2d 367), the trial court did not err in denying the defendants the right to dismiss their counterclaim "after a verdict or a finding by the judge which is equivalent thereto has been reached." The defendants took their chances on the litigation by obtaining in effect a direction of the verdict in their favor as to the rent and then attempting to exercise their right of voluntary dismissal which would, if allowed, "deprive the opposite party of the victory thus gained," that is, a jury verdict in favor of the plaintiff against them. There is no merit in either of the enumerations of error. The trial court, by its actions, did what was tantamount to granting the defendants' motion for directed verdict as to the counterclaim. The evidence, although conflicting, was sufficient to support the verdict of the jury. The court correctly denied defendants' attempted voluntary dismissal of the counterclaim and motion to set aside the verdict and to dismiss the complaint.

*Judgment affirmed. Smith and Banke, JJ., concur.*

ARGUED JUNE 5, 1980 —
DECIDED JUNE 24, 1980.

*John W. Chambers, Jr.,* for appellants.
*Louis F. McDonald,* for appellee.