## 65858. VANGUARD INSURANCE COMPANY v. BEASLEY et al.

SOGNIER, Judge.

Joseph and Anita Beasley originally sued Vanguard Insurance Company (Vanguard) and D. L. Stokes Insurance Agency, Inc. (Stokes) on a homeowner's insurance policy. The action was filed in Fulton County Superior Court. Vanguard, which had an agent in DeKalb County, answered, denying that it was subject to the court's jurisdiction. Its co-defendant, Stokes, answered and admitted jurisdiction.

The trial court granted summary judgment in favor of the Beasleys and against Vanguard on the issue of liability. The action against Stokes was then voluntarily dismissed and the dismissal filed but not served on Vanguard.

The case was tried before a jury on the issue of damages. At the close of the evidence and after both sides had rested, counsel for Vanguard moved for a directed verdict on the basis of lack of jurisdiction, in that the dismissal of the local defendant, Stokes, had left Vanguard, a non-resident, as the sole defendant. The trial court granted Vanguard's motion, but subsequently granted the Beasleys' motion for new trial, ruling that Vanguard's motion for directed verdict was improvidently granted because Vanguard knew of Stokes' dismissal prior to trial and had waived its jurisdictional defense by proceeding to trial on the merits.

A second trial, for which the parties waived trial by jury, was conducted, apparently in written form. Prior to trial, Vanguard filed a motion to dismiss on the ground that the Fulton County Superior Court lacked jurisdiction or venue. The trial court denied the motion and returned a verdict in favor of the Beasleys. Vanguard appeals.

Appellant contends that the trial court erred in ruling that the defense of lack of jurisdiction was waived. Although final orders of the trial court in the previous trial are addressed in the enumerations of error, these judgments were not timely appealed (OCGA § 5-6-38 (Code Ann. § 6-803)), and we are concerned only with the trial court's order in the second trial wherein appellants' motion to dismiss was denied.

Dismissal or judgment in favor of the resident co-defendant in a co-obligor case will result in the court's loss of jurisdiction over the remaining non-resident co-defendant unless want of jurisdiction of the person is waived, either expressly or impliedly by the conduct of the non-resident defendant. *Burger v. Noble,* 81 Ga. App. 759, 761 (59 SE2d 761) (1950). "Such waiver will result if, after having appeared and filed a plea to the jurisdiction together with answer and general

demurrer, the defendant seeks and obtains a ruling on his general demurrer concerning the merits of the case, *or goes to trial on the merits, without insisting on the plea to the jurisdiction.*" (Emphasis supplied.) *Butler v. Winton,* 56 Ga. App. 443, 447 (192 SE 835) (1937). Want of jurisdiction is waived when after dismissal of the resident co-defendant, the non-resident defendant invokes rulings of the court on the merits of the case. *Burger,* supra; *Butler,* supra at 448. See *Harley v. Harley,* 217 Ga. 205 (121 SE2d 640) (1961); *Chambers v. McDonald,* 155 Ga. App. 56 (270 SE2d 283) (1980); *Wilson v. Betsill,* 148 Ga. App. 260, 261 (1) (251 SE2d 144) (1978).

Appellant urges that its counsel had no knowledge of the dismissal of Stokes until during a recess on the first day of the first trial and contends that its motion for directed verdict was thereafter timely made and waiver of the jurisdictional defense thereby averted. However, the record shows that prior to the second trial, Vanguard's counsel was informed by letter from counsel for the Beasleys that "their claim against D. L. Stokes has been dismissed."

As the transcript of the first trial makes clear, appellant invoked numerous rulings of the court on the merits of the case before urging, or even raising, its jurisdictional defense at trial.

The evidence supports the trial court's ruling that appellant, at the first trial, waived its jurisdictional defense. Further, as this court held in *Barwick v. American Mfg. Co.,* 27 Ga. App. 275 (108 SE 119) (1921), the waiver extended to the second trial. "[T]he waiver of the plea to the jurisdiction at the first trial amounted to an abandonment of this plea." Id. at 276. The trial court did not err in denying appellant's motion to dismiss for lack of jurisdiction.

*Judgment affirmed. Quillian, P. J., and Pope, J., concur.*

DECIDED JULY 12, 1983 —
REHEARING DENIED JULY 28, 1983 —

*Sam F. Lowe III, Sam F. Lowe, Jr.,* for appellant.
*Burgess W. Stone,* for appellees.