### 73415. PROSSER v. HANCOCK BUS SALES, INC.
(353 SE2d 529)

DEEN, Presiding Judge.

The appellant, James Prosser, contracted with a Tattnall County corporation, Communities Acting Together, Inc. (CAT), to provide five school buses for CAT's Head Start Program. To obtain the buses, Prosser, who is a South Carolina resident, initially contacted a distributor in South Carolina, but was referred to the appellee, Hancock Bus Sales, Inc. (Hancock), located in Jacksonville, Florida. As a result of several phone calls between the two from their respective states, several written correspondences, and one personal visit by Prosser to Hancock's office in Jacksonville, Prosser and Hancock eventually contracted for the sale and delivery of the five school buses to Reidsville, Georgia.

On August 29, 1984, CAT gave Prosser $11,500, $10,000 of which Prosser paid to Hancock as deposit on the purchase of the buses. On October 18, 1984, CAT disbursed $99,676 to Prosser for the remainder of the purchase price. On October 29, 1984, Prosser traveled to Reidsville especially for the delivery of the buses. He and CAT representatives inspected the buses, which were accepted by CAT despite the late delivery and some nonconforming features. At that time, Hancock, through the truck driver who delivered the buses, billed Prosser $94,322, which included a $2,000 delivery fee. Prosser uttered a check for that amount, but maintains that he informed the truck driver that the check was no good, he feeling compelled to withhold real payment because of the nonconforming features of the buses and the additional delivery fee. Payment of the check in fact was refused by the drawee bank because of insufficient funds.

After repeated efforts to collect the final payment from Prosser, Hancock eventually commenced this action in Tattnall County against Prosser and CAT, asserting breach of contract and fraud. At trial the court directed a verdict for CAT, but allowed the case against Prosser to go to the jury, which awarded Hancock $94,322. At all pertinent times, Prosser maintained that the trial court lacked personal jurisdiction over him, and that is the sole issue presented in this appeal. *Held*:

In this case, the trial court had personal jurisdiction over Prosser only if Prosser had transacted any business within this state with Hancock. OCGA § 9-10-91 (1), generally; *Vanguard Ins. Co. v. Beasley,* 167 Ga. App. 625 (307 SE2d 56) (1983). "Under our Long Arm

Statute jurisdiction over a nonresident exists on the basis of transacting business in this state if the nonresident has purposefully done some act or consummated some transaction in this state, if the cause of action arises from or is connected with such act or transaction, and if the exercise of jurisdiction by the courts of this state does not offend traditional fairness and substantial justice." *Davis Metals v. Allen*, 230 Ga. 623, 625 (198 SE2d 285) (1973).

Although Prosser had extensive contact in Georgia with CAT representatives, with regard to his dealings with Hancock, Prosser's connection with Georgia consisted of (1) actually travelling to the Georgia location where the buses had been delivered, to inspect and accept or reject them, and (2) utterance of the dishonored check as final payment under the contract. In short, Prosser's contact with Georgia was that under his contract with Hancock the most important performance of the contract, i.e., delivery of the buses and payment occurred in Georgia, when Prosser was present in the state. We find this contact minimal but sufficient to satisfy the transacting-any-business requirement of OCGA § 9-10-91 (1). Hancock's cause of action against Prosser, of course, arose from Prosser's nonpayment, which initially occurred in Georgia. Further, notions of fair play and substantial justice will not be offended by allowing one nonresident to litigate with another nonresident a dispute over a contract, the primary performance of which was to occur in Georgia. Accordingly, the trial court had personal jurisdiction over Prosser in this case.

*Judgment affirmed. Benham and Beasley, JJ., concur.*

DECIDED JANUARY 9, 1987 —
REHEARING DENIED JANUARY 29, 1987 —

*Wilson R. Smith*, for appellant.
*Randall M. Clark*, for appellee.