In re Willie CUNNINGHAM, Debtor.

**Eddie Lou Morris, Plaintiff,**

v.

**Willie Cunningham, Defendant.**

**Bankruptcy No. 05–83750–JB.**
**Adversary No. 06–6086.**

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

Oct. 17, 2006.

Leslie Ann Skiba, Esq., for Plaintiff/Petitioner/Movant.

Jerry A. Daniels, Esq. And David L. Holbrook, Esq., for Defendant/Respondent.

## *ORDER*

JOYCE BIHARY, Bankruptcy Judge.

This adversary proceeding is before the Court on Plaintiff Eddie Lou Morris' motion for partial summary judgment. Plaintiff filed a complaint objecting to the dis-

chargeability of a 1994 judgment entered in her favor against Debtor Willie Cunningham by the Superior Court of Fulton County, Georgia, on the grounds that the judgment is nondischargeable under 11 U.S.C. § 523(a)(2)(A) and § 523(a)(6). Plaintiff's motion for partial summary judgment is based on § 523(a)(2)(A) which excepts from discharge a debt obtained by false pretenses, a false representation or actual fraud. Defendant does not dispute any of the facts set forth in Plaintiff's Statement of Material Facts, but argues that the judgment should not be enforced alleging that venue was improper. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I). After carefully considering the record, the motion and the parties' briefs, the Court concludes that the material facts are undisputed and that Plaintiff is entitled to summary judgment on her § 523(a)(2)(A) claim.

In support of her motion for partial summary judgment, plaintiff filed an affidavit and a numbered statement of undisputed material facts as required by Local Rule. Defendant failed to submit a response to movant's numbered statement of material facts, and they are deemed admitted. BLR 7056–I(a)(2), NDGa. (2005). Thus, the following facts are undisputed.

In early January of 1987, plaintiff Eddie Lou Morris contacted defendant Willie Cunningham regarding the purchase of certain real property located at 2650 Colonial Drive, College Park, Georgia (the "Property"). At the time, defendant was a real estate agent and the President of Unicorn Properties, Inc. ("Unicorn"). On May 23, 1988, the Georgia Real Estate Commission (the "Commission") revoked defendant's real estate license. As part of its decision, the Commission specifically concluded that Mr. Cunningham was a party "to the falsification of documents" and "made substantial misrepresentations in connection with" plaintiff's attempted purchase of the Property.

Defendant specifically represented to plaintiff that the Property carried a mortgage that could be assumed through the Federal Housing Authority and required a down payment of $5,000.00. In reliance on defendant's representations, plaintiff decided to purchase the Property. On or about January 14, 1987, plaintiff met with defendant and James M. Crow, Sr. ("Crow") for a closing on the sale of the Property. At the closing, plaintiff gave Messrs. Cunningham and Crow two (2) cashier's checks totaling $5,000.00 and executed a contract for deed. In return, plaintiff was given an unsigned warranty deed for purchase of the Property from Mr. Crow. Being informed and believing that she had purchased the Property, plaintiff took possession of the Property and made several monthly payments. On or about August 15, 1987, Mr. Crow executed a warranty deed in favor of Nexus Real Estate Mortgage and Investment Company ("Nexus") wherein Mr. Crow purported to convey his interest in the Property to Nexus. Mr. Crow served as Nexus's Chief Financial Officer and Secretary. Although a dispossessory action by Nexus against plaintiff was dismissed by the magistrate court, the Property was later foreclosed upon and sold by Metmor Financial, Inc. ("Metmor Financial").

On March 2, 1988, plaintiff filed a Complaint related to her attempted purchase of the Property in the Superior Court of Fulton County, File No. D–54288, against Messrs. Cunningham and Crow, Nexus, Unicorn and Metmor Financial (the "Superior Court Case"). As part of the Superior Court Case, plaintiff asserted claims for fraud and breach of fiduciary duty against defendant individually. Defendant filed his Answer and Counterclaim in the Superior Court Case on March 31, 1988 through counsel. Defendant's counsel la-

ter withdrew and defendant proceeded *pro se*. Despite being served with a notice of trial calendar, defendant failed to appear at the trial in the Superior Court held on June 20, 1994.

At the trial, the Superior Court found defendant liable on plaintiff's claims and entered a judgment. A jury trial was conducted to determine the damages suffered by plaintiff, and on June 20, 1994, the Verdict and Final Judgment were entered by the Superior Court against defendant, Nexus and Unicorn pursuant to which plaintiff was awarded, jointly and severally, $30,519.21 in special damages, $300,000 in general damages, and $20,000.00 in attorneys' fees and costs, as well as post-judgment interest in the amount of 7% per annum. As part of the Verdict and Final Judgment, plaintiff was also awarded punitive damages of $166,666.63 against defendant individually.

Metmor Financial was dismissed from the suit by the trial court on November 28, 1988, and Mr. Crow died before trial. Defendant did not object to or appeal either the Verdict or the Final Judgment. To date, defendant has not paid any of the punitive damages owed to plaintiff pursuant to the Verdict and Final Judgment against him, and neither defendant, Unicorn nor Nexus has paid plaintiff any of the damages awarded against them jointly and severally as part of the Verdict and Final Judgment.

On October 20, 1998, defendant filed a voluntary petition for bankruptcy pursuant to Chapter 7 of the Bankruptcy Code, Case No. 98–77567 (the "First Bankruptcy"). Plaintiff was never notified of defendant's First Bankruptcy, and defendant did not include plaintiff's Final Judgment in the Statement of Financial Affairs filed with his First Bankruptcy or in Schedules D, E or F. On October 15, 2005, defendant filed another Chapter 7 case, Case No. 05–83750 (the "Second Bankruptcy"). As with the First Bankruptcy, plaintiff was not notified of defendant's Second Bankruptcy, and defendant failed to identify plaintiff's Final Judgment in the Statement of Financial Affairs filed with his Second Bankruptcy or in Schedules D, E or F thereto. Defendant also failed to provide plaintiff with any notice of the creditors' meeting related to his Second Bankruptcy held on December 6, 2005. After first becoming aware of defendant's Second Bankruptcy, plaintiff filed her Complaint in this case on February 3, 2006 objecting to the dischargeability of her judgment claim.

A court will only grant summary judgment when there is "no genuine issue as to any material fact and the moving party is entitled to summary judgment as a matter of law." Fed.R.Civ.P. 56(c), made applicable by Fed. R. Bankr.P. 7056. *Lusk v. Williams (In re Williams)*, 282 B.R. 267, 271 (Bankr.N.D.Ga.2002) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). The movant bears the burden of going forward and ultimately of proving all elements of the cause of action. *Williams*, 282 B.R. at 271 (citing *Celotex*, 477 U.S. at 322, 106 S.Ct. 2548). "Courts must review all facts and inferences in the light most favorable to the non-moving party." *Bridge Capital Investors, II v. Susquehanna Radio Corporation*, 458 F.3d 1212, 1215 (11th Cir. 2006); *Samples on Behalf of Samples v. Atlanta*, 846 F.2d 1328, 1330 (11th Cir. 1988).

Plaintiff argues that the doctrine of collateral estoppel, or issue preclusion, applies and entitles plaintiff to a summary judgment on her § 523(a)(2)(A) claim. Collateral estoppel prohibits the relitigation of issues that have been adjudicated in a prior lawsuit, and collateral estoppel principles apply to dischargeability proceedings. *Sterling Factors, Inc. v. Whelan (Sterling Factors, Inc. v. Schaner)*, 245 B.R. 698, 704 (N.D.Ga.2000) (citing *Grogan*

*v. Garner,* 498 U.S. 279, 284 n. 11, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991)). When determining the preclusive effect of state court judgments, bankruptcy courts apply the collateral estoppel law of that state. U.S. Const. Art. IV, § 1; 28 U.S.C. § 1738 (2006); *Allen v. McCurry,* 449 U.S. 90, 96, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980); *St. Laurent v. Ambrose (In re St. Laurent ),* 991 F.2d 672, 675–76 (11th Cir.1993). Under Georgia law, the following elements must be established before collateral estoppel may be invoked: (I) there must be an identity of issues between the first and second actions; (2) the duplicated issue must have been actually and necessarily litigated in the prior court proceeding; (3) determination of the issue must have been essential to the prior judgment; and (4) the party to be estopped must have had a full and fair opportunity to litigate the issue in the course of the earlier proceeding. *Dement v. Gunnin (In re Gunnin),* 227 B.R. 332, 336 (Bankr.N.D.Ga.1998).

■■■ There is an identity of issues between the claim of fraud asserted in the Superior Court Case and the dischargeability claim under § 523(a)(2)(A). Georgia law requires the following elements to be proven for a finding of liability on fraud: (1) a false representation made by defendant; (2) which the defendant knew was false; (3) made with an intent to deceive the plaintiff; (4) justifiable reliance by the plaintiff on such representation; and (5) damages suffered by the plaintiff as a result. *Crawford v. Williams,* 258 Ga. 806, 375 S.E.2d 223, 224 (1989). Fraud under § 523(a)(2)(A) of the Bankruptcy Code requires the following elements to be proved: (1) that the debtor made a false representation with the intent to deceive the creditor; (2) that the creditor relied on the representation; (3) that the reliance was justified; and (4) that the creditor sustained a loss as a result of the representation. *Field v. Mans,* 516 U.S. 59, 74, 116 S.Ct. 437, 446, 133 L.Ed.2d 351 (1995).

Thus, a determination of fraud under Georgia law satisfies the requirements for fraud under bankruptcy law. *See also In re Hooks,* 238 B.R. 880, 885 (Bankr. S.D.Ga.1999).

■■ The facts of this case meet the requirement that the issue was actually and necessarily litigated. *Sterling Factors,* 245 B.R. at 706; *League v. Graham (In re Graham),* 191 B.R. 489, 497 (Bankr. N.D.Ga.1996). Here, defendant filed an answer but did not appear for trial, and the Superior Court entered a default judgment against him on liability and conducted a jury trial on the issue of damages. Based on the evidence presented, the jury determined that plaintiff was entitled to both compensatory and punitive damages due to defendant's conduct. Thus, the fraud claim was actually and necessarily litigated in the Superior Court, and this element of the collateral estoppel requirement is satisfied. The determination of fraud was essential to the judgment entered by the Superior Court, as the verdict and judgment include an award against the defendant for punitive damages in the amount of $166,666.33. A fraud finding was essential to an award of punitive damages, as plaintiff sought punitive damages exclusively in connection with her fraud claim.

■ Plaintiff has also established the final requirement, a full and fair opportunity to litigate the issue in the course of the earlier proceeding. Defendant participated in the Superior Court litigation by answering the complaint and filing a counterclaim. It is undisputed that defendant was notified of the trial date and thus was afforded a full and fair opportunity to litigate in the Superior Court. Since plaintiff has established all the requirements for the application of collateral estoppel or issue preclusion, plaintiff is entitled to a summary judgment on the § 523(a)(2)(A) claim.

▮▮] Defendant does not dispute any facts or present any legal argument with respect to issue preclusion, but asserts that the Final Judgment is "void," because venue in Fulton County "vanished" upon the dismissal of Metmor Financial and the death of Mr. Crow, the two Fulton County residents named as defendants in the Superior Court case. Defendant relies on the "vanishing venue" doctrine in effect in Georgia at the time plaintiff filed the lawsuit in 1988 and obtained the judgment.[1] The venue provision was in O.C.G.A. § 9–10–31 (1982) and relates to Ga. Const. Art. 6, § 2, ¶ IV; it provided that joint tortfeasors could be sued in any county in which one tortfeasor resided, but that if the resident co-defendant was not liable, venue as to a nonresident co-defendant would vanish and the court would lose personal jurisdiction over the remaining nonresident co-defendant. *Ross v. Battle*, 117 Ga. 877, 880, 45 S.E. 252, 254 (1903). Defendant argues that the Final Judgment cannot be enforced against him, and that plaintiff should be required to reassert her now eighteen-year-old claim, although defendant argues that the reasserted claims would be barred by the statute of limitations.

▮▮] Defendant's argument is without merit. The defenses of lack of personal jurisdiction and venue are waived as a matter of law if not raised "at the earliest opportunity." *See Euler–Siac S.P.A. v.*

*Drama Marble Co.*, 274 Ga.App. 252, 254–55, 617 S.E.2d 203, 206 (2005); *Maalouf v. Knight*, 237 Ga.App. 509, 510, 515 S.E.2d 650, 652 (1999) (holding that the defense of lack of venue "must be made at the earliest opportunity to plead or it is waived"); *McDonough Contractors, Inc. v. Martin & DeLoach Paving & Contracting Co.*, 183 Ga.App. 428, 429, 359 S.E.2d 200, 201 (1987) (a defendant who "wishes to rely on the defense of lack of venue, must bring it to the attention of the court prior to allowing the case to go into default or the defense is waived"); *Allen v. Alston*, 141 Ga.App. 572, 573, 234 S.E.2d 152, 153 (1977). The Georgia law is clear that a nonresident co-defendant can waive an otherwise vanished venue either expressly or impliedly. *Harley v. Harley*, 217 Ga. 205, 121 S.E.2d 640 (1961); *Vanguard Insurance Co. v. Beasley*, 167 Ga.App. 625, 626, 307 S.E.2d 56, 58 (1983); *Chambers v. McDonald*, 155 Ga.App. 56, 58, 270 S.E.2d 283, 285 (1980); *Burger v. Noble*, 81 Ga. App. 759, 761, 59 S.E.2d 761, 762 (1950).

In the instant case, defendant failed to raise the vanishing venue defense in the Superior Court and waived any venue defense. Defendant appeared in the Superior Court Case by filing an answer and counterclaim, but failed to appear at trial or otherwise assert any claim of lack of venue, despite the dismissal of Metmor Financial and the death of Mr. Crow. Significantly, defendant did not file a motion to reconsider or appeal the judgment in the Superior Court Case. Defendant's ac-

---

1. The "vanishing venue" problem has been referred to as "peculiar" and an "oddity of Georgia venue law." Tiffany Elner, *Civil Practice*, 16 Ga. St. U.L.Rev. 7 (1999); Jason Crawford, et al., *Trial Practice and Procedure*, 57 Mercer L.Rev. 381, 385 (2005). The problem was that when multiple defendants were sued, they could be sued in any county in which one of the defendants was a resident. But if the resident defendant was found not to be liable or dismissed from the suit, venue would "vanish" as to the nonresident defen-

dant. Richard H. Barbe, *Venue in Multidefendant Civil Practice in Georgia*, 6 Ga. St. U.L.Rev. 427, 455 (1990). In 1999, Georgia law changed to eliminate some of the difficulties posed by the vanishing venue problem. Frank Overby, et al., *Trial Practice and Procedure*, 51 Mercer L.Rev. 487, 523 (1999) It appears, however, that vanishing venue may have been reintroduced in 2005. Jason Crawford, et al., *Trial Practice and Procedure*, 57 Mercer L.Rev. 381, 385 (2005).

tions constituted an implied waiver of the defense of improper venue. *See Taylor v. Career Concepts, Inc.,* 184 Ga.App. 551, 553, 362 S.E.2d 128, 130 (1987); *see also Aiken v. Bynum,* 128 Ga.App. 212, 196 S.E.2d 180 (1973). Defendant's attempt to assert a vanishing venue defense for the first time in the bankruptcy court more than twelve (12) years after the judgment was entered in the Superior Court Case cannot succeed. This is an issue that should have been raised in the Superior Court or in an appeal to the Georgia appellate courts. Federal bankruptcy courts do not act as appellate courts, and this Court cannot void the Superior Court judgment. *See In re Williams,* 282 B.R. 267, 278 (Bankr.N.D.Ga.2002).

In accordance with the above reasoning, defendant is precluded from relitigating the issue of fraud, plaintiff's motion for partial summary judgment is granted, and plaintiff's judgment claim against defendant is nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A).