## Small *vs.* Hicks *et al.*

1. Where, to an action on a promissory note, the principal defendant pleaded usury, and the other defendant pleaded that he was a surety, and that, at the time he became surety, it was agreed between the parties that his principal should give the payee a mortgage with waiver of homestead and exemption upon certain personalty to secure the payment of the note, but that in taking the mortgage the payee exacted usury, thereby rendering the homestead waiver of no effect, enabling the principal to exempt the property, which he had done, thereby increasing the surety's risk; and where the evidence sustained the pleas and showed that the property in question was equal to the amount of the note, that but for the conduct of the payee, the mortgage would have been sufficient security, and that in this conduct the surety did not participate, the surety was thereby discharged from liability.

2. The verdict was, "We, the jury, find one and 62-100 dollars usury, and also find for B. F. Walker," Walker being the surety. A judgment upon this verdict against the principal for the amount due on the note, except the amount of usury stated in the verdict, and directing that the surety be discharged, was a proper judgment; the verdict being entitled to a reasonable intendment, and being equivalent to finding·the debt, except the usury mentioned, in favor of the plaintiff against the principal, the amount of which debt could be made certain from the pleadings in the case.

January 23, 1889.

Principal and surety. Homestead. Waiver. Interest and usury. Verdict. Before Judge Gustin. Crawford superior court. April term, 1888.

Reported in the decision.

W. P. Blasingame and J. A. Hunt, for plaintiff.

Lofton & Moore and W. S. Wallace & Son, by brief, for defendants.

Blandford, Justice.

Small sued Hicks and Walker upon a promissory note. Hicks pleaded usury, and Walker pleaded that he was a mere security on the note, and that at the time he became security, it was understood and agreed between the parties that Hicks should give Small a mortgage, with waiver of homestead and exemption, upon certain mules and a wagon, to secure the payment of the note; that the mortgage was accordingly given, but that in taking the mortgage, Small took more than the lawful rate of interest from Hicks, and thereby rendered the security valueless and the homestead waiver of no effect, so that Hicks could take·a homestead in the property, which he did; in consequence of which Walker's risk and liability were increased; and that he was therefore discharged from his obligation as surety.

On the trial of the case, the jury found a verdict as follows:

"We, the jury, find one and 62–100ths dollars usury, and also find for B. F. Walker."

Thereupon the court directed the plaintiff to enter up judgment; but the plaintiff declined to enter any judgment on this verdict, and told the defendants to do so; and the defendants entered up judgment against Hicks for the amount of the principal and interest due on the note, save and except this small amount of usury stated in the verdict, and also directed in the judgment that Walker be discharged, and the court signed the judgment. Small excepted, and brought the case to this court. No exception is taken to the finding of the jury as to the amount of usury, as being contrary to law and the evidence, and the presumption is that the finding is correct as to that.

1. It has been decided by this court, and we so hold in this case, that where one makes a waiver of homestead and exemption in a mortgage, which is in the nature of a deed of conveyance, and usury enters into the transaction, the waiver thereby becomes void. The waiver is in the nature of a conveyance, and the statute declares that all conveyances tainted with usury are void. Hicks having taken a homestead and exemption in this property, as he had a right to do, by reason of the usurious transaction with Small, the security was thereby lessened, and Walker, the surety, was therefore discharged. The property upon which the mortgage was given, and as to which the waiver was made, was equal in value to the amount of the note, and but for the conduct of Small, the plaintiff, the mortgage would have been sufficient security for the payment of the note. In this conduct of Small, the defendant, Walker, did not in any way participate. He was a mere surety, with the

understanding that a mortgage was to be taken from Hicks, with waiver of homestead and exemption.

2. We think the verdict was entitled to a reasonable intendment, and that a proper judgment was entered upon it. Hicks pleaded usury, and the jury found a certain amount of usury, thus sustaining the plea that it was a usurious transaction; and this was equivalent to finding the remainder of the debt in favor of the plaintiff, which amount could be made certain from the pleadings in the case.

Judgment affirmed.