91  127
119  703

## Stapler *et al. v.* Hardeman.

Where, in an equitable proceeding filed by an administrator against the creditors of his intestate to marshal the assets of the estate, all parties consented that the presiding judge might by decree fix and determine the rights of such creditors and the priorities of their respective claims, and by the decree rendered the claims of certain creditors were established with the rank and dignity of promissory notes only, it was too late, after the term at which the decree was rendered, to amend the same by motion so as to give these claims the rank and dignity of liens upon the property of the estate as mortgages, although upon the pleadings, and the facts admitted by all parties and passed upon by the judge in rendering the decree, these claims should then have been so established. While the decree was erroneous, and might have been corrected during the term by the presiding judge, the remedy after the expiration of the term was by bill of exceptions filed within the proper time.     *Judgment affirmed.*
January 9, 1893.

Before Judge Hutchins. Jackson superior court. February term, 1892.

Jackson, as administrator of Jackson, filed his petition to marshal the assets of the estate, and to set aside a deed held by Hardeman to the realty of the intestate, because, as alleged, based on a usurious contract. The bill alleged, in brief, that Jackson's estate was insolvent, and that Hale and Stapler each held a valid mortgage on certain personalty of the intestate;

and prayed, among other things, that the deed to Harde-
man be cancelled and that each of the creditors set up
their respective debts with the priorities fixed by law.
To this bill Hale and Stapler filed answers, setting up
their respective mortgages as liens upon the property
covered by them, and praying that their liens be pro-
tected as to the property so covered.   In Hale's answer
he insisted that his two mortgages were a prior lien on
the property covered by them, or the proceeds of such
property as had been sold, if any; that if the estate
was insolvent, the whole of the year's support for the
widow and children should not be charged to or paid
out of the personal property, on which he had a lien,
but should be taken and paid out of the whole general
fund of the estate.   In Stapler's answer he alleged that
a portion of the live stock covered by his mortgage
was in intestate's possession when he died, and was
taken possession of by the administrator and sold by
him, bringing more than the amount due on the mort-
gage; that Stapler's lien attached to the proceeds of the
sale and was of prior dignity to any debts owing by
deceased at the time of his death, and in the payment
of the expenses of administration said fund should only
be taxed with its *pro rata* share, in the event that the
estate was insolvent, and there were not sufficient funds
on which there was no lien out of which to pay off
and discharge such expenses; that if the estate is insol-
vent, the widow's year's support and other expenses of
the administration should be paid out of the general
fund of the estate, and not out of this personal prop-
erty on which he claimed a lien.   Each of them prayed
that the equities existing between the creditors and the
legal priorities of their claims might be inquired into
and established by decree, etc.

When the case was heard by the jury, it was solely
upon the question of the validity of Hardeman's deed,

questions being formulated to be answered by the jury, pertaining to said deed only; and such questions were answered, no reference being made by the verdict to any debt nor the priority of any debt. After the verdict on the issue mentioned, creditors having neglected to take verdicts on their respective claims, upon agreement of all parties a decree was rendered. The parties to the bill admitted that the claims of the respective creditors, among others those of Stapler and Hale, were as set up in the bill and answers, and that they were entitled to such liens, if any, as the law authorized under the facts; it being admitted that the property covered by their mortgages had been sold and the proceeds appropriated to the year's support of the widow and expenses of administration. Without any further verdict and without any agreement in writing, the judge presiding entered a decree in which Hale's and Stapler's claims were each set up with the dignity of notes only, and Hardeman's deed was decreed void, the decree failing to state that he had a debt of any sort. Subsequently, the decree was amended so as to set up the debt of Hardeman with the dignity of a promissory note, the same having been omitted by mistake when the decree was rendered. The case was tried at the February term, 1888. At the February term, 1891, Hale and Stapler made a motion to amend the decree as to their respective claims, so as to give them liens on the property covered by their mortgages or the proceeds thereof. The administrator raised no objection, but Hardeman objected that it was too late to amend the decree, and that the same could not be done in the manner attempted, the question as to the liens having been passed upon at the time the decree was entered. The motion was overruled, and Hale and Stapler excepted, alleging that the court erred in holding that the decree could not be amended in the manner attempted and that the

v 91-9

original decree should have been excepted to; and in passing the order disallowing the amendment asked for.

THOMAS & STRICKLAND, for plaintiffs in error.

J. B. ESTES, A. S. ERWIN, A. J. COBB, BARROW & THOMAS and W. I. PIKE, *contra.*