PERKINS *v.* CASTLEBERRY, administrator, *et al.*

Under the uniform procedure act of 1887, the superior court, on the equity side of it, has the same authority, during the term, to review its judgments as the courts of law had prior to the passage of that act.

Argued February 23, — Decided March 4, 1904.

Motion to set aside judgment. Before Judge Lumpkin. Fulton superior court. May 23, 1903.

*W. I. Heyward* and *T. C. Battle*, for plaintiff.
*Rosser & Brandon*, for defendants.

TURNER, J. This was a suit in equity, which went to a master, and was disposed of by the judge below on the master's report

and exceptions thereto.    The questions involved being solely questions of law, there was no reference of the matters in dispute to a jury, and a decree was made by the trial judge.    It appearing that by inadvertence he included in the decree a provision not authorized by the state of the pleadings, a motion was made by one of the defendants, during the term at which the decree was rendered, to review the decree in order that it might be corrected. To this motion the plaintiff demurred on various grounds, the only one of which to be considered being as follows:  "There is no provision in the code and laws of Georgia that provides for a re-hearing in an equity proceeding, where said proceeding has been terminated by a final decree."    After argument upon this de-murrer, the court granted the prayer of the defendant that its de-cree be reviewed, and passed an order setting aside the decree and directing a rehearing on the exceptions filed to the master's re-port.    To this order the plaintiff duly excepted and sued out a writ of error to this court.

It has always been held that courts of law can, during the term at which any of their orders or judgments are rendered, cor-rect or modify or alter such orders or judgments.    This practice did not obtain in courts of equity.    It was even held that a mo-tion in arrest would not lie against a final decree in equity. *Hughes* v. *Hughes*, 72 *Ga.* 173.    But the difference in matters of practice existing between courts of law and of equity was effect-ually obliterated by the uniform procedure act of 1887.    Acts of 1887, p. 64.    The effect of this act has been stated at length in prior decisions of this court.    See *Manheim* v. *Claflin*, 81 *Ga.* 129, 134; *DeLacy* v. *Hurst*, 83 *Ga.* 223 ; *Regenstein* v. *Tyler*, 84 *Ga.* 277 ; *Stapler* v. *Hardeman*, 91 *Ga.* 127 ; *Georgia Iron Co.* v. *Etowah Iron Co.*, 104 *Ga.* 395; *Brumby* v. *Harris*, 107 *Ga.* 259.    Under this new practice, we think that any procedure whereby a court of law could formerly review its judgments is now appropriate in an equitable proceeding brought in the supe-rior court.    For instance, a motion in arrest of judgment may now be made in that court, irrespective of whether the judgment sought to be reviewed was rendered in an equitable proceeding or in one at common law.

*Judgment affirmed.    All the Justices concur, except Simmons, C. J., absent.*