17835.    CHRISTIAN *et al. v.* TERRY.

BELL, J.  1. A trover suit was brought against three persons jointly, one of them residing in the county in which the suit was filed and the other two residing in another county in this State, and the residence of each being shown in the petition.  The petition was amended so as to strike the resident defendant as a party, after which a money verdict was rendered against the other two defendants only, and a judgment was entered on this verdict.  A motion was made to arrest the judgment, upon the ground that after the dismissal of the suit as to the sole resident defendant the court was without jurisdiction to proceed

Appearances, 4 C. J. p. 1342, n. 40; p. 1359, n. 96.
Judgments, 33 C. J. p. 1074, n. 43; 34 C. J. p. 269, n. 57.
Venue, 40 Cyc. p. 99, n. 87.

against the other defendants, and that the verdict and judgment against them were illegal and void. This motion should have been sustained. *Warren* v. *Rushing*, 144 *Ga.* 612 (87 S. E. 775); *Williams* v. *Atlanta National Bank*, 31 *Ga. App.* 212 (5) (120 S. E. 658), and cit.

2. The above conclusion is not altered by the fact that one of the non-resident defendants had, at the first term and prior to the striking of the name of the resident defendant, made a general appearance. The process required him to plead, to avoid being in default, and yet he could not raise the question of jurisdiction so long as the resident defendant was a party. *Central of Ga. Ry. Co.* v. *Brown*, 113 *Ga.* 414 (38 S. E. 989, 84 Am. St. R. 250); *Warren* v. *Rushing*, supra.

3. Nor is the result changed by the further fact that the nonresident defendants, on learning that verdict and judgment had gone against them, first moved to vacate the verdict and judgment, upon the ground that because of a misunderstanding between counsel these defendants and their attorney were mistaken as to the time when the case would be sounded for trial, and for that reason were not present to make their defense; such motion having been denied. The appearance by this motion, *after* rendition of the verdict and judgment, was not such an appearance as amounted to a waiver of jurisdiction. Civil Code (1910), §§ 5663, 5664; *Lowe* v. *Echols*, 98 *Ga.* 36 (25 S. E. 906). It could have been the defendants' purpose, if they obtained the grant of this motion, then to move to dismiss the suit for want of jurisdiction, a procedure which would have been open to them had they been present when the plaintiff struck the resident defendant and sought judgment only against the other two.

4. The court erred in not sustaining the motion in arrest of judgment.

*Judgment reversed.* *Jenkins, P. J., and Stephens, J., concur.*

DECIDED MAY 12, 1927.

Trover; from city court of Columbus—Judge Tigner. November 13, 1926.

*G. Y. Harrell, Cleveland Rees,* for plaintiffs in error.
*George C. Palmer,* contra.