18908.   TURNER *v.* SHACKLEFORD *et al.*

JENKINS, P. J.   1. "Verdicts are to have a reasonable intendment, and are to receive a reasonable construction, and are not to be avoided unless from necessity." Civil Code (1910), § 5927.   While it has been held that the construction of a verdict may be aided by a consideration of the pleadings, and that all the undisputed facts proved upon the trial may be examined and considered in construing the verdict (*Mayor &c. of Macon* v. *Harris,* 75 *Ga.* 761; *Davis* v. *Tucker,* 140 *Ga.* 250 (1), 243, 78 S. E. 909; *Landrum* v. *Rivers,* 148 *Ga.* 774 (9), 98 S. E. 477), this rule of construction is to be resorted to only when the intent of the jury is not reasonably apparent from the language of the verdict itself.   Where the verdict is plain and unmistakable in its terms and legal effect, it must speak for itself.   *Anderson* v. *Green,* 46 *Ga.* 361 (1).   Thus, in a suit for damages brought against three persons as joint trespassers, where the jury returned the following verdict:   "We, the jury, find in favor of the plaintiff in the amount of $300 damages and direct that this verdict be against T. J. and F. C. Shackelford," the plain purport and intent of the finding was to assess damages against the two named defendants, and to relieve the other. See, in this connection, *Small* v. *Hicks,* 81 *Ga.* 691 (8 S. E. 628); *Maynard* v. *Ponder,* 75 *Ga.* 665.   In such a case no valid or legal judgment could be entered against the defendant in whose favor the jury found.   This is true even though the verdict may have been contrary to law and the evidence, in that the pleadings and the proof indicated that the actual trespass was committed by the defendant relieved by the jury, and that the liability of the defendants against whom the verdict

50

was returned arose by reason of their having authorized such trespass.
2. In such a case, where it appeared, without dispute and upon the face of the record, that the only two defendants against whom the verdict was rendered resided out of the county, and that the finding of the jury. was in favor of the one defendant on account of whose residence in the county of the suit the court acquired jurisdiction, it was proper for the court to arrest the judgment, on motion of the defendants against whom the verdict was returned. *Warren* v. *Rushing*, 144 *Ga.* 612 (87 S. E. 775) ; *Christian* v. *Terry*, 36 *Ga. App.*·815 (138 S. E. 244).

Judgment affirmed. Stephens and Bell, JJ., concur.

DECIDED DECEMBER 13, 1928.

*M. B. Cannon, Hal Lawson,* for plaintiff.
*Shackelford, Shackelford & Davis,* for defendant.