RYNER *v.* DUKE *et al.*

No. 16638. MAY 11, 1949.

*Davis & Friedin,* for plaintiff in error.

*Benjamin Zeesman* and *George M. Mixon,* contra.

WYATT, Justice. ■ "Verdicts are to have a reasonable intendment, and are to receive a reasonable construction, and are not to be avoided unless from necessity." Code, § 110-105. "While it has been held that the construction of a verdict may be aided by a consideration of the pleadings, and that all the undisputed facts proved upon the trial may be examined and considered in construing the verdict (*Mayor &c. of Macon v. Harris,* 75 *Ga.* 761; *Davis v. Tucker,* 140 *Ga.* 240 (1), 243, 78 S. E. 909; *Landrum v. Rivers,* 148 *Ga.* 774 (9), 98 S. E. 477), this rule of construction is to be resorted to only when the intent of the jury is not reasonably apparent from the language of the verdict itself. Where the verdict is plain and unmistakable in its

terms and legal effect, it must speak for itself." *Turner* v. *Shackleford*, 39 *Ga. App.* 49 (1) (145 S. E. 913).

The verdict in the instant case, finding unequivocally for the defendants Vaughn and Childers, and finding specifically against the defendant Ryner with a recommendation of payment of $2000 and a cancellation of notes, can be construed only as a verdict solely against the defendant Ryner, for that is its plain import and intent. Compare *Turner* v. *Shackleford,* supra; *Small* v. *Hicks,* 81 *Ga.* 691 (8 S. E. 628); *Maynard* v. *Ponder,* 75 *Ga.* 664. The fact that the defendant Childers had brought the notes into court and had surrendered them to the clerk of the court would not warrant the construction that the verdict, in so far as it related to the cancellation of the notes, was against both the defendants Childers and Ryner.

■ On the day after the jury had returned their verdict, the court, in the absence of the defendant Ryner and his counsel, reassembled the jury and questioned them as to the intent of their verdict. After explaining to the jury that their verdict was confusing, the court said: "In other words, you rescinded this contract and placed the parties in the same position they were in prior to this transaction. Is that right?" Foreman: "That is true. We are attempting to fix the verdict to place all the parties back in the same position they were in prior to the transaction; that Ryner pay back to Duke the $2000 he paid, and that the notes that were given be canceled up and turned back to Duke, and Ryner of course charge that amount back on his notes he holds against Vaughn & Company. Ryner got the money and the notes and we want all that to go back to Duke." The Court: "You then mean that Childers shall surrender the notes to Duke." Foreman: "That's right. Put them back like they started before the sale was made and let J. B. Ryner show the debit on his mortgage of the $2000 and pay that money back to Duke and let Mr. Childers turn the notes also back to Duke."

Irrespective of whether it was proper for the court to reassemble the jury after the publication of their verdict and the jury had dispersed, the colloquy between the court and the jury could not add to or change the plain import and intent of the verdict. "After the dispersal of the jury, the judge has no power either

to add to or take from their finding." *McCrary* v. *Gano*, 115 *Ga.* 295, 296 (41 S. E. 580). In *Shelton* v. *O'Brien*, 76 *Ga.* 820, a claim case, the court instructed the jury to find a verdict in favor of the plaintiff in execution or in favor of the claimant. The jury found a verdict "for the claimant in execution." After the jury dispersed, it was called to the court's attention that the jury meant to find for the plaintiff in execution, and on the same day the court assembled the jury and each of them stated that he meant to find for the "plaintiff in execution," and the verdict was thereby so altered as to find "for the plaintiff in execution." It was held that this was an amendment in matter of substance, and that the court was without power in allowing such amendment.

While in the instant case there was no attempt to amend the verdict, the expressions of the jury when reassembled as to their intent could not change or modify the unequivocal finding in favor of two of the defendants. The general verdict was against the defendant Ryner only, and whether the recommendation be treated as surplusage, or a valid finding of the jury on the matters "recommended," no valid or legal judgment could be entered against the defendants (or either of them) in whose favor the jury found.

■ "In order to confer on the court of a particular county jurisdiction to hear and determine an issue between the plaintiff and a non-resident defendant, it is essential that the plaintiff present a case showing grounds for the equitable relief sought against the resident defendant. It has frequently been held that where a non-resident is sued jointly with a resident in the county of the latter's residence, and on the trial the proof shows that the plaintiff is not entitled to recover against the resident defendant, the court, in that suit, can grant no relief against the non-resident defendant." *Fowler* v. *Southern Airlines Inc.*, 192 *Ga.* 845, 851 (16 S. E. 2d, 897), and cit.

In a case such as the present one, where it appeared, without dispute and upon the face of the record, that the only defendant against whom the verdict was rendered resided out of the county, and that the finding of the jury was in favor of the two defendants on account of whose residence in the county of the suit

the court acquired jurisdiction, the court, on motion of the defendant against whom the verdict was returned, should have arrested the judgment. *Turner* v. *Shackleford,* supra; *Warren* v. *Rushing,* 144 *Ga.* 612 (87 S. E. 775); *Christian* v. *Terry,* 36 *Ga. App.* 815 (138 S. E. 244).

■ Since the adoption of the Uniform Procedure Act, a motion in arrest of judgment is maintainable in an equity case. *Perkins* v. *Castleberry,* 119 *Ga.* 702 (46 S. E. 825).

*Judgment reversed. All the Justices concur.*