51659. LINGERFELT v. HUFSTETLER et al.

MARSHALL, Judge.

This appeal is from the denial of appellant's motion to conform the judgment to the verdict. Appellant sued two defendants, Hufstetler and Miller, alleging that the former was the servant of the latter and had operated the latter's vehicle in a negligent manner while within the scope of his employment resulting in personal injury and property damage to appellant. At the conclusion of the evidence and the court's instructions, the jury returned a verdict: "We find the Verdict in favor of the Plaintiff [appellant]. We, the Jury, find that the Defendant, Randy John Hufstetler was negligent [sic] in the operation of said vehicle on said date of Accident. We find the Plaintiff, . . . is entitled to the sum of . . . $1,975.00."

The trial judge entered a judgment in favor of appellant, plaintiff, against *only* defendant Hufstetler. Appellant moved for the trial judge to conform the

judgment to the jury verdict, contending that the verdict was against both defendants. He appeals the denial of that motion. *Held:*

The verdict of the jury is admittedly susceptible to two constructions: (1) that the verdict "in favor of the Plaintiff" was intended to be against both defendants and the additional finding that Hufstetler was negligent was surplusage, or (2) that the finding that Hufstetler was negligent was an implicit finding that Miller was *not* liable. We hold the second construction to be the proper one in this case.

Code § 110-105 provides: "Verdicts shall have a reasonable intendment, and shall receive a reasonable construction, and shall not be avoided unless from necessity." In determining the "reasonable intendment" of jury verdicts, Georgia appellate courts have looked to the pleadings, the issues made by the evidence at trial and the charge of the court. See *Taylor v. Brown,* 165 Ga. 698 (1) (141 SE 898); *Haughton v. Judsen,* 116 Ga. App. 308, 310 (157 SE2d 297); *McCollum v. Thomason,* 33 Ga. App. 160 (2) (122 SE 800).

The pleadings of the parties show that the appellant sought to establish Miller's liability under the doctrine of respondeat superior. Miller defended on the ground that Hufstetler was not his servant but was instead an independent contractor and bailee. Hufstetler's answer alleged that he was employed by Miller at the time of the accident but that appellant's injuries were caused by his (appellant's) own negligence. These pleadings clearly place in issue the status of Hufstetler, i.e., whether he was a servant of Miller or an independent contractor. Unfortunately appellant has omitted from the record the transcript of the evidence at trial, so we cannot tell whether the evidence preponderated one way or the other on this issue.

It is the charge of the court, which was included in the record, which indicates that the jury intended by its verdict to find against only defendant Hufstetler. That charge was: "Now, if you find from the evidence that the plaintiff has carried the burden of proof by the preponderance of the evidence, then it would be your duty to return a verdict in his favor, against either one or both

defendants, whomever you find to be liable under the law that I have given you in charge. In that event, the form of your verdict would be we the jury find in favor of the plaintiff. If you find in favor of the plaintiff and against Hufstetler you must so state we the jury find in favor of the plaintiff so many dollars and cents and against the defendant, Hufstetler. If you find in favor of the plaintiff and against both defendants, the form of your verdict would be we the jury find in favor of the plaintiff so many dollars and cents, *that means you find against both of them if you do not name one and leave the other one out.*" (Emphasis supplied.)

Appellant contends this charge supports his position because if the jury found from the evidence against both defendants, the form of the verdict should be "We, the jury, find for the plaintiff." He contends the jury so found in the first sentence of its verdict. The additional remarks, he contends, were surplusage because a finding of Hufstetler's negligence is implicit and essential to the finding "in favor of the plaintiff."

We disagree. The first sentence of the quoted excerpt of the charge corresponds to the first sentence of the jury's verdict. The last phrase of the excerpt of the charge told the jury that if they intended to find against both defendants they should not name one and leave the other one out. Thus, this phrase in the charge corresponds to the second sentence in the jury's verdict naming Hufstetler. By naming Hufstetler, the jury was following the instructions and naming one of the defendants showing that it did not intend to find against both defendants.

We are not unaware of the cases wherein findings "for the plaintiff," where there was more than one defendant in the case, were held to mean a finding against all defendants. See *Flannery v. Harley,* 117 Ga. 483 (6) (43 SE 765); *Houston v. Ladies Union Branch Assn.,* 87 Ga. 203 (3) (13 SE 634); *Monk-Sloan Supply Co. v. Quitman Oil Co.,* 10 Ga. App. 390 (73 SE 522). However that rule seems to apply only in the "absence of special circumstances" from which the jury's intention may be shown to the contrary. See Annotation in 47 ALR2d 803 (§ 2). Cf. *Monk-Sloan Supply Co. v. Quitman Oil Co.,* 10 Ga. App. 390, supra. Here, the instructions of the trial judge

and the actual naming of defendant Hufstetler by the jury in their verdict are special circumstances indicating the "reasonable intendment" of the jury to find against only defendant Hufstetler.

*Judgment affirmed. Pannell, P. J., and Evans, J., concur.*

SUBMITTED JANUARY 6, 1976 — DECIDED FEBRUARY 18, 1976.

*Cullens, Neely, Freeman & Hawkins, William T. Elsey,* for appellant.