### 57167. WEATHERSPOON v. K-MART ENTERPRISES OF GEORGIA, INC.

BIRDSONG, Judge.

Annie and Trudy Weatherspoon, mother and daughter, bring this appeal from a jury verdict and judgment in favor of the defendant appellee, K-Mart Enterprises of Georgia.

We are faced with a 684-page record and a 610-page transcript, together with eleven pages of enumerations of error and a 185-page appellants' brief. From this voluminous group of documents, we have been able to piece together the following basis for the complaint and appeal.

The jury was warranted in concluding the following facts in reaching their verdict. Trudy's twin sister, Judy, purchased Trudy a tape recorder from K-Mart as a Christmas present. Judy first purchased a recorder for $23 and that purchase was rung up on a cash register receipt. Then, Judy saw another, slightly more expensive recorder. The clerk allowed Judy to exchange the first recorder for the second, and on the same receipt, rang up the difference in price plus the difference in price for batteries and accessories. As a result, the receipt contained numerous price entries.

After Christmas, the record button apparently stuck and the recorder became inoperative. Trudy and her mother, Annie Weatherspoon, returned to the store. There is some confusion whether Trudy wished to obtain a refund on the money or to exchange the recorder for an operative one. What transpired thereafter is totally in

conflict. Nevertheless, the jury was authorized to find that a dispute arose as to the amount due on a refund or alternatively whether an exchange in the store would be allowed, and if allowed, whether it would be a one-time exchange thereafter requiring Trudy to go to the manufacturer should the exchanged recorder again become defective.

As the discussion became heated, either one or both of the Weatherspoons used offensive language, calling the department manager a honkey, stupid, and not capable of operating the department as well as other opprobrious language. When the employee attempted to make the exchange, Trudy seized some of the accessories she had brought into the department. The manager sought to pull them back and a tugging match ensued. Mrs. Weatherspoon took the package from Trudy and also refused to return the package. At about this point, both Trudy and her mother reached up and scratched the manager on the face, drawing blood. He was forced back into the glass-top counter. Fearing that the glass would break and to protect himself from further injury, he grabbed both Trudy and Annie about the neck. All three of the disputants fell into a heap upon the floor. A security guard then came and pulled the three apart with help of another employee. By this time, the women were hysterical and using more profanity. The manager continued to try to effect an exchange but was unable to do so because of their conduct and language. The security guard informed both women that if they did not calm down, they would have to leave the store. At about this time, police officers, who had been alerted, came upon the scene. The officer asked the women what was the problem but was confronted with verbal abuse and profanity. Not being able to ascertain from them what the problem might be, the police sought information from the store manager. Each time the manager started to say something, the women berated him and called him names and a liar. The officer instructed the women several times to be quiet and stop using profanity or he would have to arrest them. Finally, the officer did arrest them for causing a disturbance and using profane language in public. As he attempted to take the women into custody, they resisted

so violently that the officer could not handle them both. He requested the security officer to restrain Trudy and to use handcuffs if necessary. The security guard did as he was requested by the officer. The women were then taken to jail where they remained incarcerated until they were released on bail several hours later. Subsequently, the two women were tried in criminal court for battery and causing a disturbance. They were both acquitted.

Following their acquittal, the Weatherspoons brought suit against K-Mart alleging a battery by K-Mart's agent, false arrest, and false imprisonment. At the conclusion of the evidence, the trial court denied a motion for a directed verdict for both parties. The court submitted the limited issue of liability only to the jury, reserving the question of damages until the question of liability had been resolved. The court submitted the question of liability to the jury by a series of interrogatories. The questions required the jury to determine whether there had been a touching of the Weatherspoons by the manager. Did the manager provoke the Weatherspoons into the use of force as an excuse to inflict harm upon the Weatherspoons? Was the agent justified in using such force as he used because of insulting or abusive language? Did the manager use more force than was reasonably necessary to protect himself from bodily injury? The jury responded by finding that the manager had used force; that the force was not the result of insulting or abusive language, but was a reasonable degree of force to protect himself from bodily injury due to the scratching and kicking by the women; and that the assault by the Weatherspoons was not provoked. The jury also found that the arrest was the act of the police officer and was not requested or directed by K-Mart or any of its agents. Based upon the answers to these interrogatories by the jury, the trial court entered a judgment for the defendant, K-Mart.

Appellants enumerate as error the entry of judgment for K-Mart asserting that the jury's verdict was vague, inconsistent and contradictory and was a verdict for neither party. They postulate that such a vague verdict was improperly converted by the trial court into a verdict and judgment for the defendant. Appellants also complain

that the trial court failed to include in its charge any of the 31 requested instructions, with special reference to requested charges 2, 6, 7, 8, 9, 10, 12, 15, and 17. They enumerate as error the denial of their motion for directed verdict as to liability; their objections to the interrogatories submitted to the jury and the verdict, and the denial of their motion for a new trial. *Held:*

1. We disagree with appellants' contention that the jury's answers to the interrogatories are confusing or conflicting or that the jury in any way indicated a partial verdict for the plaintiffs by finding that the employee of K-Mart had used some degree of force against the appellants. The interrogatories were responsive to the facts and issues and the jury's findings are fully supported by the facts. The judgment entered by the court on the answers found by the jury to the interrogatories is justified, consistent and supported by the evidence. We find no merit to these enumerations. See *Gough v. Gough,* 238 Ga. 695 (2) (235 SE2d 9); *Lingerfelt v. Hufstetler,* 137 Ga. App. 723, 724 (224 SE2d 827).

2. In regard to the requested charges, these dealt with questions of agency, the responsibility of a principal for the acts of its agent, the degree of care to an invitee and similar legal principles. K-Mart admitted that it would be responsible for the acts of its agent and admitted that the employee was its agent. There was no dispute that the Weatherspoons were invitees and that the purpose of their visit was to exchange a tape recorder or to obtain a refund. In short, each of the requested instructions dealt with matters that were not in issue. Accordingly, it was not error for the trial court to deny those requests. *Seaboard C. L. R. Co. v. Thomas,* 229 Ga. 301 (190 SE2d 898); *Reynolds v. Reynolds,* 217 Ga. 234, 269 (123 SE2d 115).

3. There were contested issues of facts as to who precipitated the altercation. Only where there is no conflict and a verdict is demanded as a matter of law is it error for the trial court to fail to direct a verdict. *State Farm Mut. Auto. Ins. Co. v. Snyder,* 125 Ga. App. 352 (187 SE2d 878). The evidence might have been in conflict, but the jury was authorized under that evidence to find that it preponderated in favor of the defendant, as indeed was

found by the jury. There is no merit in this enumeration. See *Jenkins v. Gulf States Mtg. Co.,* 138 Ga. App. 835 (227 SE2d 522).

4. Appellants have abandoned the enumeration concerning the submission of interrogatories to the jury. They have presented no citations of authority or argument in support of that enumeration and, under Rule 18(c) of this court, this constitutes an abandonment. *O'Kelley v. Hayes,* 132 Ga. App. 134 (207 SE2d 641); *Flexible Products Co. v. Lavin,* 128 Ga. App. 80, 81 (195 SE2d 677). Moreover, we note that the procedure followed by the trial court is authorized by CPA § 49 (Code Ann. § 81A-149). This enumeration presents nothing for consideration.

5. In their last enumeration of error, appellants assert that the trial court erred in denying their motions for new trial as amended. The grounds are the general ones as well as the other arguments addressed in the preceding divisions of this opinion. As to the general grounds, we are bound by the "any evidence" rule. It is our duty to pass on the sufficiency, not the weight of the evidence. If we determine there is some evidence to support the verdict under any reasonable view taken of the questions submitted to the jury, we will affirm. *Hallford v. Banks,* 236 Ga. 472 (224 SE2d 35); *Thompson v. Hill,* 143 Ga. App. 272, 276 (238 SE2d 271). We find the verdict amply supported by the evidence. As to the other grounds, for the reasons given in the other divisions of this opinion, those grounds are likewise without merit.

*Judgment affirmed. Quillian, P. J., and Smith, J., concur.*

ARGUED JANUARY 16, 1979 — DECIDED FEBRUARY 23, 1979 — REHEARING DENIED MARCH 20, 1979.

*Leiter & Leiter, Robert Paul Leiter,* for appellant.
*Shoob, McLain & Merritt, M. David Merritt, Alan B. Waln,* for appellee.