A00A0584. CARTEL REALTY, INC. et al. v. SOUTHERN BEARINGS & PARTS COMPANY, INC. et al.

(534 SE2d 119)

JOHNSON, Chief Judge.

Cartel Realty, Inc. and Thomas Bond, Jr., an employee of Cartel Realty and a licensed real estate broker, sued Southern Bearings & Parts Company, Inc. and its owners Jerry and John Doyle (hereinafter referred to jointly as "owners") for a real estate commission allegedly earned on the sale of property to a company owned and operated by Douglas Vachon (hereinafter referred to as "buyer"). Bond and Cartel Realty contend the trial court erred in granting summary judgment to the owners because questions of material fact exist regarding whether Bond and Cartel Realty procured the buyer.

The record shows that in early 1997 the buyer contacted the owners on his own to determine whether their property was for sale. He was told the property was not for sale. In November 1997, the buyer discussed his interest in the property with Peter Glover, his longtime real estate broker. Glover was told by another broker that Bond of Cartel Realty represented the owners. Glover then contacted Bond, who told Glover he had a listing on the property. Glover understood this to mean that Bond had an exclusive listing on the property.

The buyer instructed Bond to make an offer to purchase the property. Bond made an offer, but it was rejected. Believing that Bond had an exclusive listing on the property, the buyer made several telephone calls in an effort to continue negotiations, but neither Bond nor any agent of Cartel Realty ever returned his calls. Bond claims he presented the owners with a subsequent offer by the buyer, but no action was taken on this offer.

Sometime after January 14, 1998, the buyer saw a sign on the property indicating that Terminus Real Estate had an exclusive listing of the property. The buyer informed Glover of this fact, and Glover called Bond. Bond then admitted to Glover that he only had an open listing on the property and that he did not have an exclusive

agreement to sell the property. At no time did the owners have an exclusive agreement with Bond or Cartel Realty to sell the property.

The buyer then authorized Glover to negotiate the purchase of the property through the exclusive listing agency, and a contract for sale was entered into and executed on April 30, 1998. Bond and Cartel Realty did not receive any real estate commission on the sale of the property.

1. Bond and Cartel Realty contend the trial court failed to consider Bond's affidavit, filed the day before the hearing on the motion for summary judgment, and that such failure mandates a reversal of the grant of summary judgment to the owners. However, neither the transcript nor the trial court's order granting summary judgment supports this contention. While the trial court questioned the timeliness of the affidavit, the owners did not object or move to strike Bond's affidavit. And the trial court directed Bond and Cartel Realty to give the affidavit to the law clerk. There is no evidence in the record that the trial judge did not review or consider Bond's affidavit prior to rendering her ruling from the bench, and the unsupported conclusions and self-serving representations in the appellants' brief do not entitle them to a review of the issue.[1] This enumeration of error lacks merit.

2. The trial court did not err in granting summary judgment to the owners. There is no dispute that Bond and Cartel Realty did not have an exclusive listing. In fact, Bond's affidavit specifically states that he asked for an exclusive listing, but the owners would not give him one. At most, Bond had an open listing, which entitles him to a commission only if he was the procuring cause of the sale.[2] In determining whether a real estate broker is the procuring cause of a sale where there is no exclusive listing to sell, the broker must prove "that there were negotiations still pending between the broker and the prospective purchaser and that the owner was aware that negotiations were still pending at the time he consummated the sale."[3] Even if a realtor procures the ultimate buyer of the property, he is not entitled to a commission unless he effects the sale or is the procuring cause of the sale.[4]

According to the undisputed evidence, the buyer attempted to purchase the property from the owners before Bond ever contacted the owners regarding a listing. At some point, Bond approached the owners and was told that he could not have an exclusive listing. The

[1] Pruitt v. Tyler, 181 Ga. App. 174, 175-176 (1) (351 SE2d 539) (1986).

[2] Kraft Land Svcs. v. Hart Co., 165 Ga. App. 358, 363 (1) (300 SE2d 186) (1983).

[3] (Citations and punctuation omitted.) Kraft, supra; Gibbs v. Nixon, 154 Ga. App. 463, 466 (268 SE2d 670) (1980).

[4] Fields Realty & Ins. Co. v. Teper, 165 Ga. App. 28, 29 (1) (299 SE2d 74) (1983).

only reason Bond was involved at all in negotiations between the buyer and the owners was because the buyer and Glover mistakenly believed Bond had an exclusive listing to sell the property. After the buyer's offer was rejected by the owners, the buyer saw a sign on the property showing that another real estate agency had an exclusive listing of the property, and he and Glover learned that Bond only had an open listing. Subsequently, they began dealing with the exclusive listing agency and ultimately negotiated a contract for sale through the exclusive listing agency. It is undisputed that Bond was not involved in the ultimate negotiations which consummated the sale.

Clearly, no party to the sale was bound by contract to utilize Bond's or Cartel Realty's services.[5] The owners were bound only to refrain from interfering with negotiations between Bond and any buyers procured by Bond, and the buyer was not bound in any regard.[6] Here, not only did the buyer independently attempt to purchase the property from the owners prior to dealing with Bond, but the evidence shows that the owners did not undercut Bond; they did not take over negotiations and sell the property themselves, thus avoiding the obligation of paying a real estate commission.[7] The buyer and Glover independently contacted the exclusive listing agency upon seeing the sign on the property. The exclusive listing agency then consummated a sale, and the owners paid the exclusive listing agency a real estate commission. Given these facts it cannot be said that Bond or Cartel Realty was the procuring cause of the buyer.[8]

None of the affidavits filed by Bond and Cartel Realty create an issue of fact as to the essential element of procurement. Although Bond's affidavit shows that he attempted to negotiate with the owners after the buyer's initial offer was refused, both the buyer and Glover stated that once they learned Bond did not have an exclusive listing, they began dealing with the exclusive listing agency. The other affidavits, showing that the buyer was not licensed in Georgia as a real estate broker as stated in his affidavit, bear no relation to the determinative element of procurement. The trial court did not err in granting summary judgment to the owners.

3. Since the evidence demonstrated that Bond and Cartel Realty were not the procuring cause of the sale, summary judgment in favor of the owners on the quantum meruit count was proper.[9]

---

[5] See id. at 30.

[6] Id.

[7] Compare *Pate v. Milford A. Scott Real Estate Co.*, 132 Ga. App. 49, 51 (2) (207 SE2d 567) (1974).

[8] See *Crawley v. Sexton*, 207 Ga. App. 360, 363-364 (1) (427 SE2d 804) (1993).

[9] Id. at 364 (2); *Booth v. Watson*, 153 Ga. App. 672, 677-678 (2) (266 SE2d 326) (1980).

4. Likewise, the demonstration that Bond and Cartel Realty were not the procuring cause of the sale under the facts of this case is fatal to any conspiracy count which they might have alleged.[10]

*Judgment affirmed. Phipps, J., and McMurray, Senior Appellate Judge, concur.*

DECIDED APRIL 18, 2000.

*James R. Mills,* for appellants.
*Newman, Sapp & Davis, Allen E. Lockerman IV,* for appellees.

