A05A2281, A05A2282. QUANTUM TRADING CORPORATION et al. v. FORUM REALTY CORPORATION; and vice versa.
(629 SE2d 420)

RUFFIN, Chief Judge.

Forum Realty Corporation ("Forum") sued Quantum Trading Corporation and two individuals alleged to be its alter egos (collectively "Quantum") for, among other things, breach of contract, breach of the duty of good faith arising out of the contract, quantum meruit, fraud, punitive damages, and attorney fees. Using a special verdict form, the jury found in favor of Forum on its claims for breach of the duty of good faith, fraud, punitive damages, and attorney fees. The jury also pierced the corporate veil, finding the individual defendants liable for the corporate defendant's actions.

Quantum subsequently moved for judgment notwithstanding the verdict or, in the alternative, a new trial. Finding the damages award excessive, the trial court left intact the jury's verdict with respect to breach of the duty of good faith, but eliminated the verdict as to fraud and punitive damages and reduced the attorney fee

award. In Case No. A05A2281, Quantum appeals the denial of its motion for judgment notwithstanding the verdict or, in the alternative, motion for new trial on the only claims remaining in the case — breach of the duty of good faith and attorney fees. Forum cross-appeals in Case No. A05A2282, arguing that the trial court erred in reducing the attorney fee award.[1] For reasons that follow, we reverse the judgment in Case No. A05A2281 and dismiss as moot Forum's appeal in Case No. A05A2282.

## Case No. A05A2281

This case involves a dispute over real estate brokerage fees between Forum, a real estate firm, and Quantum, which allegedly contracted with Forum for brokerage services. According to Forum, it entered into an oral exclusive agency agreement with Quantum under which Forum was to search for — and negotiate a lease on — commercial office space that met Quantum's requirements. Forum contends that it gave Quantum a list of prospective sites, then began negotiating with the owners of the sites in which Quantum expressed interest. It further claims that it negotiated favorable lease opportunities at several sites, but Quantum declined to enter those leases, informing Forum that it had procured a favorable lease on its own. Forum eventually learned that Quantum had leased space in the "Deerfield" building, which was on the list of potential lease opportunities that Forum originally compiled. Forum demanded payment for its brokerage services, but Quantum refused to pay.

Forum sued Quantum, asserting that Quantum breached an exclusive agency contract by independently negotiating a commercial lease and refusing to pay Forum a commission relating to that lease. The complaint also alleged that Quantum breached the duty of good faith implied in the agency contract. Alternatively, Forum claimed that, because it was the procuring cause of the Deerfield lease, Quantum is liable in quantum meruit for the reasonable value of Forum's services.

During trial, Forum's counsel presented the court with a special verdict form agreed upon by all parties. After changing certain language relating to punitive damages, attorney fees, and piercing the corporate veil, the court used the parties' verdict form. With respect to the contract and quantum meruit claims, the form provided:

---

[1] Forum does not challenge the trial court's decision to eliminate the fraud and punitive damages awards.

## PART II. CONTRACT CLAIMS

*As to the Defendant(s) you decided were liable to the Plaintiff under Part I., above:*

*A. Do you find that the Defendant(s) had a contract with the Plaintiff?*
___ YES ___ NO

*B. Do you find the Defendant(s) breached their fiduciary duty to Plaintiff under that contract?*
___ YES ___ NO

*C. Do you find that Defendant(s) contract with the Plaintiff obligated the Defendant(s) to pay for [its] services even though the Defendant(s) made the lease at Deerfield Corporate Center One without Plaintiff's knowledge?*
___ YES ___ NO

*D. Do you find that Defendant(s) breached a duty of good faith to Plaintiff?*
___ YES ___ NO

*If your answer to PART II., Subpart A was "yes" and your answer to any one of Subparts B-D of Part II. was "yes," what damages, if any, do you award the Plaintiff?*
$_____

## PART III. QUANTUM MERUIT CLAIM

*As to the Defendant(s) you decided were liable to the Plaintiff under Part I., above:*

*A. If you did not answer "yes" to Subpart A, Part II., and "yes" to at least one of the Subparts B-D of Part II., do you, nevertheless, find Defendant(s) breached an implied duty to pay for services rendered to them by the Plaintiff under the doctrine of Quantum Meruit, because the Plaintiff was the procuring cause of the lease at Deerfield Corporate Center One?*
___ YES ___ NO

*If your answer to PART III., Subpart A was "yes" — what damages, if any, do you award to Plaintiff?*
$_____

The jury filled out the special verdict form by answering "yes" to Subparts II-A and II-D, "no" to Subparts II-B and II-C, and awarding $12,488.77 in damages under Part II. With respect to the contract claims, therefore, the jury found *only* that Quantum and Forum had a contract and that Quantum breached a duty of good faith. The parties apparently agree that, by answering "no" to Subpart II-C of the verdict form, the jury concluded that Quantum did *not* breach an exclusive agency agreement. The record further shows that the jury did not answer any of the questions under Part III (quantum meruit). When the trial court noticed this omission, it stated to the jury: "you did appropriately." Forum raised no objection to the form of the jury's verdict, and its counsel affirmatively stated, "I have no problem with it."

1. Quantum argues on appeal that the evidence does not support the jury's verdict as to breach of the duty of good faith, entitling it to judgment notwithstanding the verdict. In response, Forum does not urge the validity of this claim or point to any evidence supporting the jury's award for breach of the duty of good faith. In fact, it *agrees* that such award would be improper. It then asserts that the jury never awarded damages on this claim. According to Forum, the jury actually awarded Forum "compensation in quantum meruit [after] finding that [Forum] was the procuring cause of the [l]ease at Deerfield."

We disagree. It is true that, even absent an exclusive agency agreement, a real estate broker may recover a commission if he or she is the procuring cause of a sale or lease.[2] Procuring cause issues arise in cases involving open — rather than exclusive — listing arrangements.[3] Under Georgia law, however, "[v]erdicts shall have a reasonable intendment and shall receive a reasonable construction."[4] And in interpreting a verdict, we look first to its language.[5] " 'Where the verdict is plain and unmistakable in its terms and legal effect, it must speak for itself.' "[6] We use the pleadings, the evidence at trial, and the trial court's jury charge to help us construe the verdict only if the verdict's language is unclear.[7]

---

[2] See *Cartel Realty v. Southern Bearings & Parts Co.*, 243 Ga. App. 653, 654 (2) (534 SE2d 119) (2000).

[3] See id. We note that "[e]ven if a realtor procures the ultimate buyer of the property, he is not entitled to a commission unless he effects the sale or is the procuring cause of the sale." Id. In other words, a realtor in an open listing arrangement cannot claim a commission simply because he provides the buyer with the seller's name. See id.

[4] OCGA § 9-12-4.

[5] See *Ryner v. Duke*, 205 Ga. 280, 282-283 (1) (53 SE2d 362) (1949).

[6] Id. See also *O'Neill v. Western Mtg. Corp.*, 153 Ga. App. 151, 152 (264 SE2d 691) (1980).

[7] See *Ryner*, supra at 282; *Lingerfelt v. Hufstetler*, 137 Ga. App. 723, 724 (224 SE2d 827) (1976).

The language of the jury's verdict — language that Forum helped prepare — is clear. The jury found a breach of the duty of good faith. It did not find that Forum was the procuring cause of the lease or conclude that Forum was entitled to recover in quantum meruit. In fact, quite the opposite is true. As instructed by the special verdict form, the jury did not answer questions regarding such issues. Under these circumstances, Forum cannot rewrite the jury's verdict to include a finding on procuring cause or quantum meruit.[8]

In its effort to reformulate the special verdict, Forum relies heavily on the trial court's jury instructions. Even if properly considered in construing the verdict, however, those instructions do not support Forum's argument. Forum asserted separate claims for breach of the duty of good faith and compensation based on the procuring cause. Although the trial court did not give detailed instructions concerning the duty of good faith implied in every contract, it charged the jury generally on that concept. We recognize that the trial court instructed the jury extensively on "exclusive agency contract," "open listing contract" and "procuring cause." It told jurors to determine first whether a contract existed between the parties, then whether any such contract involved an exclusive listing or open listing. And following a jury question regarding Subpart II-C of the special verdict form, it instructed the jury that the answer to that subpart "entail[e]d whether . . . [the parties] had an exclusive listing understanding or . . . an open listing understanding." But nothing in those instructions, the verdict form, or the trial court's charge on completing the form suggests that the jury's good faith finding relates to procuring cause.

We are left, therefore, with a verdict for breach of the duty of good faith that Forum has decided — for unstated reasons — to abandon.[9] Forum has affirmatively repudiated this verdict as improper. It is unwilling, or unable, to support the verdict, seeking instead to redraft the special verdict form that it presented to the jury. But it cannot do this.[10] Given the narrow facts of this unique case, we are compelled to agree with Quantum that it is entitled to judgment notwithstanding the verdict. Accordingly, we reverse.

---

[8] See OCGA § 9-12-7 ("[A]fter a verdict has been received and recorded and the jury has dispersed, it may not be amended in matter of substance either by what the jurors say they intended to find or otherwise.").

[9] See *Dryvit Systems v. Stein*, 256 Ga. App. 327, 328, n. 1 (568 SE2d 569) (2002) (party may abandon a cause of action through explicit statements in briefs and pleadings).

[10] See *Moody v. Dykes*, 269 Ga. 217, 221 (5) (496 SE2d 907) (1998) (a party cannot complain about the use of special verdict form that is substantively similar to the form the party drafted and to which the party raised no objection).

2. Quantum also argues that the trial court erred in denying its motion for judgment notwithstanding the verdict with respect to attorney fees. Again, we agree. Forum sought fees pursuant to OCGA § 13-6-11. A party may not recover litigation expenses and attorney fees under this provision unless he or she recovers damages on a substantive claim.[11] Because Quantum was entitled to judgment notwithstanding the verdict on the only substantive claim remaining in the litigation — breach of the duty of good faith — it was also entitled to judgment on Forum's attorney fee claim.[12]

3. In light of our decision in Division 1, Quantum's remaining enumerations of error — including those raised by the individual defendants — are moot.

### Case No. A05A2282

4. In its cross-appeal, Forum argues that the trial court erred in reducing the jury's attorney fee award. As found in Division 2, however, Forum is not entitled to recover attorney fees in this action. Accordingly, this appeal is dismissed as moot.

*Judgment reversed in Case No. A05A2281. Appeal dismissed as moot in Case No. A05A2282. Johnson, P. J., and Barnes, J., concur.*

DECIDED MARCH 8, 2006 —
RECONSIDERATION DENIED MARCH 27, 2006 — 

*Ruden McClosky, David N. Stern, McKenna, Long & Aldridge, Bruce P. Brown*, for appellants.

*Davis, Matthews & Quigley, Ron L. Quigley, Vincent J. Arpey*, for appellee.

---

[11] See *Arford v. Blalock*, 199 Ga. App. 434, 437 (4) (405 SE2d 698) (1991).
[12] See id.